## COLEMAN *v.* THE STATE.

1. Where an application is made, by one accused of crime, for a change of venue on the ground that an impartial jury can not be obtained, the law devolves on the trial judge the duty and responsibility of making an examination and informing himself of the truth of the averments in the application; and where after hearing evidence the trial court is satisfied that a fair and impartial jury may be had in the county where the crime is alleged to have been committed, this court will not reverse his judgment refusing to change the venue, unless it is made to appear that there has been an abuse of discretion.
( *a* ) There was no abuse of discretion in refusing to change the venue.
2. The motion to continue did not measure up to the requirements of Penal Code § 987, and the court did not err in refusing to continue the case.
3. On a trial for murder, a previous difficulty between the defendant and the deceased two weeks prior to the homicide is relevant as shedding light on the occurrence resulting in the homicide, and as illustrating the motive of the defendant.
4. A party can not obtain a reversal for an error which he has invited, as by a request to charge.
5. The evidence authorized a charge on the subject of conspiracy; the charge of the court was fair and comprehensive; the evidence authorized the verdict; and the newly discovered evidence, purely impeaching and cumulative in character, is not such as would likely produce a different result on another trial. The verdict is approved by the trial judge, and no sufficient cause is made to appear for the grant of a new trial.

MAY 14, 1914.  REHEARING DENIED JUNE 15, 1914.

Indictment for murder. Before Judge George. Wilcox superior court. January 27, 1914.

*John R. Cooper, D. B. Nicholson,* and *Haygood & Cutts,* for plaintiff in error.

*Warren Grice, attorney-general, J. B. Wall, solicitor-general, Hal Lawson,* and *J. W. Dennard,* contra.

EVANS, P. J.  The plaintiff in error, W. A. Coleman, was jointly indicted with his son, Jim Coleman, and with W. H. Stevens, for

47

the murder of Leon Melvin. The plaintiff in error was separately tried, and was convicted, with a recommendation to mercy.

1. The homicide occurred on April 6, 1913, and on September 15, 1913, all of the defendants made application for a change of venue on the ground that an impartial jury could not be obtained in the county in which the crime was alleged to have been committed. On this application the court heard evidence and refused a change of venue. Applicants presented a bill of exceptions, which the judge refused to certify, on the ground that the judgment was interlocutory and not embraced within the act of 1911 (Acts 1911, p. 74). Whereupon applicants filed a petition to this court, praying a writ of mandamus to compel the certification of their bill of exceptions. This court declined to issue the writ. *Coleman* v. *George,* 140 *Ga.* 619 (79 S. E. 543). Exception pendente lite was then taken to the refusal of the court to change the venue. The Penal Code, § 964, provides for a change of venue in cases wherever an impartial jury can not be obtained in the county where the crime was committed. The motion to change the venue in this case is based upon the impossibility to obtain a fair and impartial jury in the county, and not upon any ground contained in the amending act. *Coleman* v. *George,* supra. Section 964 was codified from the act of 1895, which was construed in *White* v. *State,* 100 *Ga.* 659 (28 S. E. 423). In the opinion in that case, Mr. Justice Atkinson, after referring to the necessity, under the old law, of examining all persons in the county who were liable to serve on juries before the venue could be changed to a county other than where the crime was alleged to have been committed, said: "That act [the act of 1895] institutes a new order of things; and now it is competent for the judge of the superior court, in any criminal case, to change the venue of the trial of such case whenever, in his judgment, an impartial trial can not be had in the county where the crime was committed. In order to ascertain whether such trial can be there had, it is competent for him to hear the testimony of witnesses, oral or upon affidavit, and as well to hear any other evidence which may be competent and relevant. The law leaves this matter largely, we might say almost entirely, in the discretion of the trial judge. It imposes upon him a responsibility of making this examination; and this court has no power to control his discretion with respect to such matters, unless it has been plainly and manifestly abused."

The circuit judge was on the scene, he heard the evidence and had the opportunity of observing the manifestations of public temper, and he certifies to his belief that the defendants could have and did have a trial by a fair and impartial jury. After a careful reading of the record we do not see anything to show that the court abused his discretion, or that the jury which tried the defendant was other than fair and impartial. See *Rawlins* v. *State*, 124 *Ga.* 31. (52 S. E. 1).

2. The motion to continue the case on the ground of alleged absent witnesses did not fulfill the requirements of Penal Code § 987, and the court did not abuse his discretion in refusing to continue the case.

3. The deceased resided with his father, and was sixteen years of age at the time of his death. There was testimony tending to show that the defendant had some trouble with the deceased about a fence, and that about two weeks before the homicide the defendant, accompanied by two others, came to the house of the father of the deceased, and, when he saw the deceased, invited him to fight. The father ordered the defendant and his companions to leave. Upon leaving they began shooting firearms, discharging about forty shots, one of which struck the cheek of the deceased. This testimony was objected to on the ground that it failed to show that the defendant did any of the shooting, and that it related to an independent matter. Neither of these objections is good. The jury was authorized to find that the defendant did engage in the shooting, and to infer from the defendant's conduct that he harbored ill feeling towards the deceased. Previous difficulties between the defendant and the deceased, which give color and effect to the transaction under investigation and shed light upon the motives of the parties, are competent evidence. *Brown* v. *State*, 51 *Ga.* 502.

A witness was asked if on a certain occasion previous to the homicide he in company with others had not gone to a certain town and there whipped a man who lived on the plantation of the defendant. On objection the court declined to allow the question answered. This was not error. The transaction was an independent matter, wholly irrelevant to any issue before the court.

4. The defendant made a written request for an instruction, which was given. He afterwards assigned error upon the instruction. A party can not obtain a reversal for an error which he has

invited. *Quattlebaum* v. *State,* 119 *Ga.* 433 (46 S. E. 677) ; *Horton* v. *State,* 120 *Ga.* 307 (47 S. E. 969).

5. The evidence authorized a charge on the subject of conspiracy; the charge of the court was fair and comprehensive; the evidence authorized the verdict; and the newly discovered evidence, purely impeaching and cumulative in character, is not such as would likely produce a different result on another trial. The verdict is approved by the trial judge, and no sufficient cause is made to appear for the grant of a new trial.

*Judgment affirmed. All the Justices concur.*