### 10616. BROXTON *et al. v.* THE STATE.

STEPHENS, J. 1. While it is mandatory upon the judge to whom a petition for a change of venue is presented in behalf of a defendant in a criminal case, under the act approved August 21, 1911 (Acts of 1911, p. 76), to change the venue if the evidence submitted should reasonably show that there is a "probability or danger of lynching or other violence," it is primarily a question for the judge, upon the hearing of such petition, to determine from the evidence whether or not such probability or danger of lynching or other violence exists; and where the evidence upon such issue conflicts, the judgment denying the defendant's motion to change the venue will not be reversed, unless manifestly erroneous. Where the evidence fails to reasonably show the probability or danger of lynching or other violence, it is not error on the part of the judge to refuse to change the venue. See *Wilburn* v. *State,* 140 *Ga.* 138 (78 S. E. 819); *Shepherd* v. *State,* 141 *Ga.* 527 (81 S. E. 441); *Graham* v. *State,* 141 *Ga.* 812, 818 (82 S. E. 282); *Nix* v. *State,* 22 *Ga. App.* 136 (95 S. E. 534).

2. Evidence that the defendant would receive a fair and impartial trial in the county wherein the alleged crime was committed was relevant, to throw light upon the state of the public mind and the consequent probability or danger of lynching or other violence.

3. The judge did not err in refusing to change the venue.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED JUNE 14, 1919.

Motion to change venue; from Ware superior court—Judge Summerall. May 13, 1919.

*Dickerson & Kelley, Parker & Parker,* for plaintiff in error.

*A. B. Spence, solicitor-general,* contra.