## 12121.  BEST v. THE STATE.

BROYLES, C. J. 1. " Where an application is made, by one accused of
crime, for a change of venue on the ground that an impartial jury can
not be obtained, the law devolves on the trial judge the duty and re-
sponsibility of making an examination and informing himself of the
truth of the averments in the application; and where, after hearing
evidence, the trial court is satisfied that a fair and impartial jury may
be had in the county where the crime is alleged to have been committed,
this court will not reverse his judgment refusing to change the venue,
unless it is made to appear that there has been an abuse of discretion."
*Coleman* v. *State*, 141 *Ga.* 737 (82 S. E. 22).
(a) In the instant case it does not appear that the judge abused his dis-
cretion in refusing to change the venue.

2. " In order to admit declarations of the deceased as dying declarations, it is unnecessary to prove by direct testimony that he was in the article of death and conscious of his condition, but circumstances may be shown from which these facts may be inferred. Whenever such circumstances make a prima facie case, it is the duty of the court to admit the testimony, . . and if such circumstances were sufficient to make a prima facie showing that the deceased was in such condition and conscious thereof when he made the statements, the question should be submitted to the jury, leaving them to determine whether the evidence was sufficient to establish the dying condition of the deceased and his knowledge of such condition." *Jones* v. *State*, 130 *Ga.* 274, 276 (60 S. E. 840, 841) ; *Perdue* v. *State*, 135 *Ga.* 278 (8) (69 S. E. 184). Under the above ruling and the facts of the instant case, the court did not err in admitting in evidence, under proper instructions to the jury, the several alleged dying declarations objected to, and in submitting to the jury the question whether at the time the declarations were made the deceased was in the article of death and conscious of his condition.

3. There is no error in the following charge: " The fact that the grand jury of Dougherty county has found and returned this bill of indictment against the defendant raises no presumption of guilt against him, but, on the contrary, the defendant enters upon the trial of the case presumed to be innocent, and this presumption follows and shields the defendant throughout the trial of the case, or until overcome by legal and competent evidence which convinces you of his guilt beyond a reasonable doubt." There is no merit in the criticism that the conjunction " or," as used in the above excerpt, " changed entirely the presumption of innocence which the defendant has in the trial of a criminal case against him." See, in this connection, *Richardson* v. *State*, 8 *Ga. App.* 26 (1) (68 S. E. 518) ; *Griggs* v. *State*, 17 *Ga. App.* 302 (6) (86 S. E. 726).

4. Under the facts of the case, a new trial is not required because of the following excerpt from the charge of the court: " You are also made the judges of the credibility of the witnesses, and, in determining the question as to the degree of credit that you will give the witnesses testifying, you have the right, and it is proper for you, to take into consideration the manner of the witness while upon the stand testifying, any interest or lack of interest that the witness may have in the case on trial, as manifested in the trial of the case, the reasonableness or unreasonableness of the testimony given, the probability or improbability of the occurrences testified to having taken place in the manner testified to, the opportunity of the witness for knowing the facts to which he testifies, and such other mental tests have you the right to apply as you believe will aid you in determining as to the degree of credit that you will give the witnesses testifying." *Chancey* v. *State*, 145 *Ga.* 12 (3) (88 S. E. 205).

5. The 12th ground of the motion for a new trial is expressly abandoned in the brief of counsel for the plaintiff in error.

6. In view of the note of the trial judge, the 13th ground of the motion for a new trial, which relates to instructions to the jury as to evidence that the deceased habitually carried a pistol, is without substantial merit.

7. "Where there is evidence sufficient to raise a doubt, however slight, upon the point whether the case is murder or manslaughter, voluntary or involuntary, the court should instruct the jury upon the grades of manslaughter as well as murder." *Jackson* v. *State*, 76 *Ga.* 473; *Cain* v. *State*, 7 *Ga. App.* 24 (65 S. E. 1069); *Reeves* v. *State*, 22 *Ga. App.* 628 (1) (97 S. E. 115). Applying this ruling to the facts of the instant case, the court committed no error in instructing the jury upon the law of manslaughter.

(a) The following excerpt from the charge is complained of: "If you are not convinced of the defendant's guilt of murder, but you are satisfied of his guilt of the offense of voluntary manslaughter, then you would convict him of that offense." This charge is excepted to because the court failed to charge in connection therewith that the jury should be satisfied of the defendant's guilt of voluntary manslaughter beyond a reasonable doubt. When this excerpt is considered in connection with the entire charge, there is no merit in the exception.

8. In the light of the entire charge and the facts of the case, there is no material error in the following charge: "In order to justify the homicide, there must be something more than a mere threat or menace. There must be the appearance of danger; the means of inflicting the threatening danger, if any, must be apparently at hand at the time, and there must be manifested an intention to inflict a felonious injury presently." *Cumming* v. *State*, 99 *Ga.* 664 (27 S. E. 178). Substantially the same charge was complained of in the 24th ground of the amendment to the motion for a new trial in *May* v. *State*, 24 *Ga. App.* 379 (100 S. E. 797), and was held not to be reversible error.

9. There is no error in the following excerpt from the charge: "Anything that was unknown to the defendant at the time of the killing could not have afforded him any justification, and I specifically charge you that any communication made to him by his wife after the homicide, in regard to improper proposals claimed to have been made to her by the deceased, would not have justified the killing."

10. On the ground that the instructions complained of confined the jury to a consideration of the defendant's statement only, when they had the right to consider also the evidence in the case, exception was taken to the following part of the charge: "If you believe, from the statement of the defendant, that in the killing of the deceased the defendant acted under the fears of a reasonable man that the deceased was about to commit a felony upon him, or to take his life, I charge you that it is not incumbent upon the defendant to show that the killing was actually necessary, but it would be sufficient if you believe that the accused, as a reasonable man, at the time of the killing believed, or had reason to believe, that the killing was necessary; and I charge you that if you have a reasonable doubt as to whether or not the defendant believed the killing was absolutely necessary, it would be your duty to find the defendant not guilty." This excerpt, when considered in connection with the remainder of the charge of the court, affords no ground for a new trial. The court several times in the charge clearly instructed the jury that if they believed *from the evidence* or the statement of the defendant that

in the killing of the deceased the defendant acted under the fears of a reasonable man that the deceased was about to commit a felony upon him, etc., they should acquit the defendant.

11. The remaining grounds of the amendment to the motion for a new trial are based upon the refusal of certain written requests to charge. These grounds are without substantial merit, since these requests, in so far as the principles of law involved therein were correct and applicable to the facts of the case, were sufficiently covered by the charge as given.

12. The evidence amply authorized the verdict, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 14, 1921.

Indictment for murder — conviction of manslaughter; from Dougherty superior court — Judge Wilson. December 27, 1920.

The 6th and 8th divisions of the decision relate respectively to assignments of error set out below:

6. Ground 13: Because the court erred in charging the jury as follows: " The court charges you that, if the deceased was not carrying a pistol at the time and place of the killing, the evidence which the defendant has offered, to the effect that the deceased habitually carried a pistol, will be considered by you only in the event that you believe the defendant had knowledge of such habit, and only for the purpose of illustrating whether the defendant killed under a reasonable fear that a *felonious assault* was about to be committed upon him "— the error in said charge being: (*a*) it is incorrect as an abstract proposition of law; (*b*) the court confined the effect of the evidence submitted by the defendant, that the deceased had habitually carried a pistol, to the purpose of illustrating whether the defendant killed upon a reasonable fear that a felonious assault was about to be committed upon him, whereas such evidence was admissible under the circumstances stated, to wit, that the defendant had knowledge of such habit, not only within the limits confined by such charge, but also for the purpose of illustrating all the circumstances surrounding the killing, and particularly illustrating the conduct of the deceased at and immediately before the time of the killing; (*c*) it is an intimation of opinion by the court that there was no evidence that the deceased had a pistol at the time of the killing, whereas movant contended during the trial of the case that the deceased might have had such pistol, and the pistol might have been moved from his person in the

same manner as some other evidence, as movant contends, had been concealed prior to the trial of the case.

Note by the court the foregoing ground: " The following excerpt from the charge was given by the court on request of defendant: ' If you believe from the evidence in this case, including the statement of the defendant, that the deceased carried a pistol, and that the deceased habitually carried a pistol, and that this was known to the accused, you may consider such evidence for the purpose of determining whether the killing in this case was done by the ac· cused under the influence of the fears that the deceased was about to commit a felony upon him, or take his life, even though it may appear that upon the occasion of the homicide the deceased did not actually have a pistol upon his person.' "

8. The instructions set out in the 8th division of the decision are complained of " because the use of the words, ' means of inflicting the threatening danger, if any, must be apparently at hand at the time,' excluded from the consideration of the jury the theory and contention of the defendant that the deceased intended to commit a felonious assault upon him, or to take his life at the time he shot, and that the defendant in good faith thought that the deceased had a pistol in his possession; the language quoted ap· parently impressing the jury with the idea, as movant contends, that in fact the deceased must have had a pistol or other means of inflicting the threatening danger; and because the charge quoted excluded from the consideration of the jury the contention and theory of the defendant that the deceased was endeavoring to take, and would have succeeded in taking (on account of his superior physical weight) from the defendant, the pistol in the possession of the defendant, and then would have committed a personal felonious injury upon the defendant."

*Pottle & Hofmayer, Lippitt & Burt, E. E. Cox,* for plaintiff in error.

*B. C. Gardner,* solicitor-general, *R. C. Bell, Yeomans & Wilkinson,* contra.