### 21787. GOUMAS v. THE STATE.

BROYLES, C. J. 1. "A motion for change of venue, though sworn to, is not evidence on the trial of the issues raised by the motion, unless it is formally introduced in evidence." *Rawlings* v. *State*, 33 *Ga. App.* 825 (127 S. E. 881).

2. "While it is mandatory upon the judge to whom a petition for a change of venue is presented in behalf of a defendant in a criminal case, under the act approved August 21, 1911 (Acts of 1911, p. 76), to change the venue if the evidence submitted should reasonably show that there is a 'probability or danger of lynching or other violence,' it is primarily a question for the judge, upon the hearing of such petition, to determine from the evidence whether or not such probability or danger of lynching or other violence exists; and where the evidence upon such issue conflicts, the judgment denying the defendant's motion to change the venue will not be reversed, unless manifestly erroneous. Where the evidence fails to reasonably show the probability or danger of lynching or other violence, it is not error on the part of the judge to refuse to change the venue." *Broxton* v. *State*, 24 *Ga. App.* 31 (99. S. E. 635), and cit.

3. "Where an application is made, by one accused of crime, for a change of venue on the ground that an impartial jury can not be obtained, the law devolves on the trial judge the duty and responsibility of making an examination and informing himself of the truth of the averments in the

application; and where after hearing evidence the trial court is satisfied that a fair and impartial jury may be had in the county where the crime is alleged to have been committed, this court will not reverse his judgment refusing to change the venue, unless it is made to appear that there has been an abuse of discretion." *Coleman* v. *State,* 141 *Ga.* 737 (82 S. E. 227); *Best* v. *State,* 26 *Ga. App.* 671 (107 S. E. 266).

4. The motion in the instant case was based upon the grounds that there was a probability or danger of lynching or other violence being done to the petitioner, and that an impartial jury could not be obtained in the county where the crime was alleged to have been committed. The evidence adduced upon the hearing of the motion was in sharp conflict, but this court can not say that the evidence as a whole did not authorize the judge to determine that no probability or danger of lynching or other violence existed, or that it did not authorize him to determine that a fair and impartial jury could be obtained in the county where the alleged offense was committed.

5. Under the above-stated rulings the judge did not err in denying the motion to change the venue.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED OCTOBER 8, 1931.

*Augustus F. Lee,* for plaintiff in error.
*George D. Anderson, solicitor-general,* contra.