## 25762. GEER v. THE STATE.

DECIDED SEPTEMBER 14, 1936.

*C. E. Hay, P. Z. Geer,* for plaintiff in error.

*R. A. Patterson, solicitor-general, Hooper & Hooper,* contra.

PER CURIAM. Where the ground of a motion seeking a change of venue is that there is a probability or danger of lynching or other violence, *the rule in the superior court* for determining whether the venue shall be changed is that if the evidence submitted should reasonably show that there is a probability or danger of lynching, or other violence, then it is mandatory on the judge to change the venue. Code, § 27-1201. "In legal effect, it means that if there is a greater weight of evidence in support of the petition for a change of venue than to the contrary, if the evidence inclines the mind to belief but leaves some room for doubt, and yet is sufficient to incline a reasonable and impartial mind to the movant's side of the issue rather than the other, the motion for a change of venue should be granted. It does not mean that the judge's mind shall be free from uncertainty and doubt." *Johns* v. *State,* 47 *Ga. App.* 58, 64 (169 S. E. 688). *The rule in this court* for determining whether the trial court erred in applying that rule to the evidence is: was it too clear and certain to admit of dispute that the superior court erred in refusing to change the venue; or, to put it differently, does it manifestly appear to this court that the lower court erred in its judgment under the evidence when it said that it did not necessarily appear that there was a probability or danger of lynching or other violence? *Johns* v. *State,* supra; *Bivins* v. *State,* 145 *Ga.* 416, 423 (89 S. E. 370); *Graham* v. *State,* 141 *Ga.* 812, 819 (82 S. E. 282); *Kennedy* v. *State,* 141 *Ga.* 314 (80 S. E. 1012). Realizing full well that the presiding judge must primarily pass upon the questions of fact as to whether it is reasonably shown that there is such probability or danger of lynching or other violence, and that this court will not reverse his finding upon conflicting evidence unless it is manifestly erroneous, nevertheless we are of the opinion that under

the evidence and the statement made by the presiding judge for the record, the judge manifestly erred in not changing the venue.

*Judgment reversed. MacIntyre and Guerry, JJ., concur. Broyles, C. J., dissents.*

BROYLES, C. J. In view of the evidence adduced on the hearing of the motion to change the venue, I do not think that the judge abused his discretion in denying the motion.