27157.  GEER *v.* THE STATE.

DECIDED SEPTEMBER 20, 1938.  REHEARING DENIED SEPTEMBER 29, 1938.

*P. Z. Geer, M. C. Edwards, Tom Edwards, C. E. Hay,* for plaintiff in error.

*R. A. Patterson, solicitor-general, Hooper & Hooper,* contra.

BROYLES, C. J.  In 1936 the defendant was indicted in Miller County for murder.  He moved for a change of venue, on the ground that he could not be tried in that county without being in danger of violence.  The court overruled the motion, and that judgment was reversed by this court.  *Geer* v. *State,* 54 *Ga. App.* 216 (187 S. E. 601).  Subsequently the case was removed to Terrell County, where the defendant was convicted of the offense charged.  His motion for new trial was overruled, and that judgment was reversed by the Supreme Court.  *Geer* v. *State,* 184 *Ga.* 805 (193 S. E. 776).  When the case was again called in Terrell superior court the defendant presented his motion asking that he be allowed to withdraw and to waive his original motion for a change of venue, and that the court change the venue back to Miller County, for certain reasons stated in the motion.  The motion was subsequently amended by stating that the movant "has the right to withdraw his petition for change of venue from Miller County, formerly filed, and to waive the order heretofore granted in said case changing the venue of said case from Miller County to Terrell County, [and that] petitioner hereby waives the change of venue of said case from Miller County to Terrell County heretofore granted, and prays the court to return petitioner's case

to Miller County." The State filed its answer, and asked that the motion be denied. On the hearing of the motion, and after introduction of evidence by both parties, the court passed its order denying the motion, and to that judgment the defendant excepted. The question in this case has been settled by the Supreme Court in *Graham* v. *State,* 143 *Ga.* 440 (85 S. E. 328, Ann. Cas. 1917A, 595), where the court held: "Where in a criminal case an application for a change of venue was made under the act of 1911 (Acts 1911, p. 74 [Code, § 27-1201]), on the ground that there was a probability or danger of violence to the defendant, and a judgment refusing such change was brought to this court and reversed, and the change accordingly granted, the accused could not then withdraw his application, object to being tried in the county to which the change had been made, and demand a trial in the county where the indictment had been found." In the opinion in that case Lumpkin, J., said: "Having obtained a change, he should abide it. The act of 1911 (Acts 1911, p. 74) was passed in the interest of justice to afford a change of venue where there was a probability or danger of violence. It was not intended to give a defendant the right to shift the venue back and forth at will, with incidental delays in trying him." See also *Johnston* v. *State,* 118 *Ga.* 310, 312 (45 S. E. 381, 46 S. E. 488). Under the foregoing ruling and the facts of the instant case, the judge did not err in denying the motion.

> *Judgment affirmed. MacIntyre and Guerry, JJ., concur.*