27344.   GRIFFIN *v.* THE STATE.

DECIDED JANUARY 16, 1939.

*E. O. Blalock,* for plaintiff in error.

*W. B. Gibbs, solicitor-general,* contra.

GUERRY, J. 1. Under Code, § 27-1201, it is the duty of the trial judge, upon his own motion or upon it being shown at a hearing on a motion for change of venue "that there is probability or danger of lynching, or other violence," to grant a change of venue. This provision is mandatory. See *Johns* v. *State,* 47 *Ga. App.* 58, 64 (169 S. E. 688) ; *Graham* v. *State,* 141 *Ga.* 812, 817 (82 S. E. 282). The evidence adduced upon the hearing of the motion in the present case was largely opinion evidence, without any specific facts or acts upon which to base the same, and it was denied by other and contradictory evidence on the part of the State. "While it is mandatory upon the judge to whom a petition for a change of venue is presented in behalf of a defendant in a criminal case . . [under the Code section cited supra] to change the venue if the evidence submitted should reasonably show that there is a 'probability or danger of lynching or other violence,' it is primarily a question for the judge, upon the hearing of such petition, to determine from the evidence whether or not such probability or danger of lynching or other violence exists; and where the evidence upon such issue conflicts, the judgment denying the defendant's motion to change the venue will not be reversed, unless manifestly erroneous." *Broxton* v. *State,* 24 *Ga. App.* 31 (99 S. E. 635) ; *Goumas* v. *State,* 44 *Ga. App.* 210 (160 S. E. 682).

2. The rule applicable to the weighing of such testimony is laid down in *Johns* v. *State,* supra: "In legal effect, it means that if there is a greater weight of evidence in support of the petition for a change of venue than to the contrary, if the evidence inclines the mind to belief but leaves some room for doubt, and yet is sufficient to incline a reasonable and impartial mind to the movant's side of the issue rather than to the other, the motion for change of venue should be granted." Under the rule as above stated the trial judge did not abuse the authority vested in him in the light of the evidence for the State as well as that for the defendant. There was no error in denying the motion for a change of venue.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*