28390. SMITH *v.* THE STATE.

DECIDED APRIL 9, 1940.

*H. F. Griffin Jr., James D. Shannon,* for plaintiff in error.

*J. Roy Rowland, solicitor-general,* contra.

MACINTYRE, J. The grand jury of Twiggs County returned an indictment against Otis Smith, charging him with illegal sale and possession of liquor. Before arraignment, the defendant filed a special plea in abatement and a motion to strike the indictment. These were overruled, and he excepted. Afterwards, and before arraignment, the defendant presented his petition for a change of venue. The State filed a traverse which was sustained, and the defendant excepted.

The bill of exceptions recites that "the court, after hearing said special plea in abatement and motion to strike said indictment, passed an order on said date overruling the same." The only evidence on behalf of the defendant which is recited in the record is that "defendant offered in evidence his sworn plea as evidence for himself on petition for change of venue." Hence we find no evidence in the record to support the plea in abatement which was on the ground of bias of several named grand jurors, nor is it alleged that the defendant had no opportunity to challenge the grand jurors before the indictment was found. It should be noted that a grand juror stands upon a different plane from a petty or traverse juror in respect to a cause of challenge. In Georgia, in the superior court, the grand juror, together with his fellow grand jurors, prefers upon his oath a written charge of crime, in the form called an indictment, against the accused; whereas, since the establishment of city courts in this State, the law allows a written accusation which may be preferred against the accused, in the city court, upon the oath or affidavit of the prosecutor alone, who may or may not be the person injured or aggrieved. "It is a matter of comparatively little importance that grand jurors should not have formed opinions, because they only put the party on trial,

and that after hearing only one side of the case. If, however, it is deemed important in a particular case to fight the prosecution in limine, diligence requires that the challenge be made before the bill is found." *Williams* v. *State,* 69 *Ga.* 11, 27; *Lascelles* v. *State,* 90 *Ga.* 347, 373 (16 S. E. 945, 35 Am. St. R. 216). "The reason is, that he must fight in limine, if he makes a point arising in limine, and not wait until the bill is found true and he is arraigned and on trial before the traverse jury." *Turner* v. *State,* 78 *Ga.* 174, 178. The law is different with reference to the traverse or petty juror, for he tries the case, and it is upon his and his fellow jurors' verdict that the defendant is punished if found guilty. In this case the plea in abatement and the motion to strike go to the question of bias or prejudice of the grand jurors, and are based on the ground of a challenge propter affectum; and even if proved, would not, after a true bill is found, be good ground for abatement or for striking the indictment. *Betts* v. *State,* 66 *Ga.* 508; *Lee* v. *State,* 69 *Ga.* 705. If the challenge of a grand juror be as to his bias or prejudice, and is not made until the trial of the case, and the charge against the accused is unjust and untrue, that fact can be more satisfactorily and quickly determined by an unprejudiced traverse jury under the accused's plea of not guilty than by quashing the indictment and ordering a new preliminary and uncertain inquiry before another grand jury. The tendency has been to cut off collateral inquiry, and allow the main issue to proceed. *Hall* v. *State,* 7 *Ga. App.* 115, 118 (66 S. E. 390).

When the case was called for trial, and before the prisoner was arraigned, and after the judge had overruled the motion to strike and the plea in abatement, the defendant filed a petition for a change of venue. This was based on the grounds that a minister of the gospel, aided by a committee of deacons of his unincorporated church in Twiggs County, headed a movement or crusade against what are ordinarily termed "road-houses," the members of the church being 800 to 1000 in number, all of whom were parties principal in the crusade; that a large percentage of the jurors impaneled at this term of the court, both grand and petty jurors, were members of this church; that any member of this church would not stand impartially between the State and the accused; that many petitions had been circulated freely and frequently over the county, seeking the doing away with and putting out of commission and

destroying the road-house business of the defendant and of other defendants who ran road-houses in said county, and the authors of such petitions could be on the jury in said court; that as a result of said crusade, the petitions had been published in the official organ of said county, and numerous articles against the business of the defendant had been published and circulated in said county, and that the defendant and his family and his business had been, through said campaign and crusade, held up to public contempt; and that it was impossible for him to obtain a fair and impartial trial in Twiggs County, "for all of the aforementioned facts; and that he is in fear of mob violence."

The defendant introduced his petition or motion, but introduced no other evidence to establish his conclusion that he could not obtain a fair trial in the county, or that there was probable danger of lynching or other violence. The State introduced the chairman of the board of county commissioners of the county, who testified: "I know these people, and I am familiar with the charges against them. I know the jurors generally in Twiggs County. I see no reason why the defendants could not obtain a fair and impartial trial in this county." The representative in the legislature from Twiggs County testified: "I know the defendants named. I see no reason why they could not get a fair and impartial trial in Twiggs County. No, sir, I do not believe they are in danger of mob violence." We do not think the judge committed reversible error in refusing to order a change of venue. In so ruling he in effect said that he found under the evidence that the prisoner, in the selection of a fair and impartial jury (traverse or petty jury), was protected by his right to peremptory challenges, and to have the statutory voir dire questions propounded; and if these were not sufficient, the prisoner had his right of challenge to the poll, and to have any juror called to try him put upon the court as a trior, and the question of such juror's competency and impartiality thoroughly tested. *Biggers* v. *State*, 171 *Ga.* 596, 598 (156 S. E. 201).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*