## ANDERSON *v.* THE STATE.

No. 13303. JUNE 12, 1940.

*Paul Miller* and *Lester F. Watson,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, J. Roy Rowland, solicitor-general, E. J. Clower* and *C. E. Gregory Jr., assistant attorneys-general,* contra.

JENKINS, Justice. ■ The verdict of murder was authorized by the testimony of the State's witnesses that the deceased and his companions had no difficulty with the defendant before the shooting, that the deceased and his companions were unarmed; and that the defendant, in shooting four times, killing the deceased and wounding a companion, shot without justification or provocation.

■ Under the rule stated in *Coleman* v. *George,* 140 *Ga.* 619 (2), 621 (79 S. E. 543), the provision in the act of August 21, 1911

(Ga. L. 1911, p. 74; Code, § 27-1201), relative to a change of venue in criminal cases when there is a probability of lynching or other violence, and providing for a direct bill of exceptions operating as a supersedeas, which under the constitutional amendment of 1916 (Code, § 2-3009) must be taken to the Court of Appeals, is not applicable to the denial of a petition which is "based solely upon the ground that an impartial jury can not be obtained in the county where the crime is alleged to have been committed." But where, as here, the motion for a change of venue is based on the part of § 27-1201 which embodies the law as it existed before the 1911 amendment, on the ground that an impartial jury can not be obtained in the county of indictment, the denial of the motion is a proper ground for exceptions pendente lite. *Coleman* v. *George,* supra. The rulings in that unanimous decision must be given effect in preference to the later ruling in *Wilson* v. *State,* 173 Ga. 275, 283 (160 S. E. 319), the correctness of which later case was questioned in *Lowe* v. *State,* 185 Ga. 113, 114 (194 S. E. 527).

(a) Under the above holdings, where the defendant moved for a change of venue solely on the ground that he would be unable to obtain a fair and impartial jury in the county where he was indicted, and he failed to take exceptions pendente lite to the denial of his motion, such a ruling was not a proper ground of his motion for a new trial. *Williford* v. *State,* 121 Ga. 173 (2), 178 (48 S. E. 962).

(b) The exceptions in the motion for new trial, which complain generally that the court erred in not permitting the defendant to offer evidence in support of his motion for a change of venue, but which in no wise indicate the nature or character of such evidence, for this additional reason can not properly be considered. *Ferguson* v. *McCowan,* 124 Ga. 669 (2), 671 (52 S. E. 886); *Smith* v. *Smith,* 133 Ga. 170 (65 S. E. 414); *Price* v. *State,* 170 Ga. 294 (3) (152 S. E. 572); *Williams* v. *State,* 186 Ga. 251, 259, 260 (197 S. E. 838); *Cook* v. *State,* 22 Ga. App. 770 (2), 774 (97 S. E. 264).

■ "Motions for continuances are addressed to the sound discretion of the trial court; and the ruling of the judge below upon the question will not be disturbed, unless it appears that the refusal to grant the continuance was an abuse of his discretion." *Lyles* v. *State,* 130 Ga. 294 (60 S. E. 578); *Hilton* v. *Haynes,* 147 Ga. 725

(2) (95 S. E. 219) ; Code, § 81-1419. No abuse of discretion in the refusal of the motion in this case appears, where nothing was shown in its support, except that counsel appointed to represent the defendant in his trial on November 5 had, since notified on October 29 as to such appointment, "been in court or engaged in important business in another county;" and that counsel had "been informed" that there were two eye-witnesses of the alleged crime, whose names were given, but who were not shown to have been subpœnaed, and the nature of whose testimony was not stated. See Code, § 81-1410, as to the showing required where a witness is absent.

■ In the absence of any timely written request, the failure to charge the jury on the law of confessions or incriminatory admissions was not error, where there was evidence, independently of such confessions or admissions, to sustain the conviction. *Allen* v. *State,* 187 *Ga.* 178 (3), 180 (200 S. E. 109) ; *Sellers* v. *State,* 99 *Ga.* 212 (25 S. E. 178) ; *Gore* v. *State,* 162 *Ga.* 267 (134 S. E. 36) ; *Nail* v. *State,* 125 *Ga.* 234 (3) (54 S. E. 145).

■ The last ground is based on alleged newly discovered evidence of a witness who stated in his affidavit, that he "was standing at the corner . . some fifty or sixty feet from where the shooting took place;" that his "attention was attracted toward the scene by the sound of a scuffle;" that he "looked that way and saw three white boys scuffling or fighting with a negro, a negro broke loose from the small group that was scuffling and ran just an instant before the shooting started;" that he "could not tell who did the shooting, but two negroes ran by me, one considerably ahead of the other; both turned into [a] street, and one went into the alley behind [a] store . . the other continued on down [the] street." There were affidavits as to diligence, and as to the evidence being newly discovered. But while there was a general statement in the supporting affidavits as to the character and credibility of the witness that "his associates are persons of good character and standing," the names of such associates were not stated. The testimony of the witness showed no detail of the alleged disturbance, what part the defendant took therein, or anything tending to justify or mitigate the charge of murder. At most it merely corroborated part of the defendant's statement as to the existence of a disturbance between the deceased with his companions and the defendant

with another negro before the homicide, which was not of sufficient importance to probably produce a different result at another trial, and to authorize this court to hold that the judge abused his discretion in refusing a new trial on this ground. Furthermore, "an affidavit in support of the witness upon whose newly discovered evidence a new trial is sought must give the names of his associates, a statement that he keeps good company not being sufficient to meet this requirement, which is necessary to enable the prosecution to make a counter-showing; and where such affidavit does not comply with this requirement, the trial judge does not abuse his discretion by refusing to grant a new trial on this ground." *Ivey v. State,* 154 *Ga.* 63 (6) (113 S. E. 175) ; *Overby* v. *State,* 183 *Ga.* 353, 360 (188 S. E. 520) ; *Knight* v. *State,* 59 *Ga. App.* 450 (2) (1 S. E. 2d, 223) ; *Faulk* v. *State,* 56 *Ga. App.* 13 (2) (192 S. E. 79). The supporting affidavits in this case were thus deficient.

*Judgment affirmed. All the Justices concur.*