## 32717. BARRONTON *v.* STATE.

DECIDED SEPTEMBER 22, 1949.

E. F. Strozier, George M. Mixon, for plaintiff in error.

Harvey L. Jay, Solicitor-General, Wright & Reddick, contra.

TOWNSEND, J. (After stating the foregoing facts.) In *Griffin v. State*, 59 *Ga. App.* 334 (1 S. E. 2d, 41), this court held: "Under Code § 27-1201, it is the duty of the trial judge, upon his own motion or upon it being shown at a hearing on a motion for change of venue 'that there is probability of danger of lynching or other violence' to grant a change of venue. This provision is mandatory. See *Johns v. State*, 47 *Ga. App.* 58 (169 S. E. 688); *Graham v. State*, 141 *Ga.* 812, 817 (82 S. E. 282). The evidence adduced upon the hearing of the motion in the present case was largely opinion evidence, without any specific facts or acts upon which to base the same, and it was denied by other and contradictory evidence on the part of the State. 'While it is mandatory upon the judge to whom a petition for change of venue is presented in behalf of a defendant in a criminal case to change the venue if the evidence submitted should reasonably show that there is a "probability or danger of lynching or other violence," it is primarily a question for the judge, upon the hearing of such petition, to determine from the evidence whether or not such probability or danger of lynching or other violence exists; and where the evidence upon such issue conflicts, the judgment denying the defendant's motion to change the venue will not be reversed, unless manifestly erroneous.' *Broxton v. State*, 24 *Ga. App.* 31 (99 S. E. 635); *Goumas v. State*, 44 *Ga. App.* 210 (160 S. E. 682)."

The action of the trial judge in denying the motion for change of venue, under the contradictory evidence adduced, was not reversible error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*