32711. GARRETT *v.* THE STATE.

DECIDED OCTOBER 11, 1949.

*W. J. Forehand, Bob Humphreys, E. L. Smith,* for plaintiff in error.

*J. Bowie Gray, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Code § 27-1201 states in part: "The defendant in any criminal case in the superior court may move by petition in writing for change of venue whenever, in his judgment, an impartial jury cannot be obtained in the county where the crime is alleged to have been committed. Upon the motion it shall not be necessary to examine all persons in the county liable to serve on juries, but the judge shall hear evidence by affidavit or oral testimony in support of or against the motion; and if, from the evidence submitted, the court shall be satisfied that an impartial jury can-

not be obtained to try the case, the judge shall transfer it to any county that may be agreed upon by the solicitor-general and the defendant or his counsel, to be tried in the county agreed upon."

It is to be noted that the petition for change of venue may be presented whenever, in the opinion of the defendant, an impartial jury cannot be obtained, and it will be granted when, in the opinion of the judge, this fact is made to appear.

The record discloses 21 affidavits stating that, in the opinion of the deponents, an impartial jury cannot be obtained. The opinions of these 21 witnesses and the defendant apparently were not sufficient to induce the trial judge to form the same opinion and, since they do not purport to be anything more than the individual opinions of the persons involved, nothing contained therein would make it mandatory upon the trial court to be governed thereby.

The decision as to whether or not the accused can obtain an impartial jury in the county in which the indictment was presented is essentially within the discretion of the trial judge and, unless this discretion is abused and the decision reached manifestly erroneous, it will not be reversed by this court. *Rawlins v. State*, 124 *Ga.* 31 (2) (52 S. E. 1); *Best v. State*, 26 *Ga. App.* 671 (1) (107 S. E. 266); *Wilburn v. State*, 140 *Ga.* 138 (2) (78 S. E. 819); *Coleman v. State*, 141 *Ga.* 737 (1) (82 S. E. 227); *Johns v. State*, 47 *Ga. App.* 58 (1) (169 S. E. 688).

The fact that no evidence was produced to rebut that offered by the defendant is not conclusive, since, if the evidence offered was not in itself sufficient to convince the trial judge that the motion should be granted, there would be no necessity for rebuttal testimony.

In *Douberly v. State*, 184 *Ga.* 573 (192 S. E. 223), where a motion for change of venue of a trial for murder was presented, the evidence of the defendant consisted of publications in the local newspapers, opinions and sayings of the officers in relation to the crime, and opinions of witnesses as to the impossibility to obtain an impartial jury. The Supreme Court held that this evidence, although uncontradicted, was insufficient to require an order changing the venue.

In view of the nature of the evidence submitted, the trial judge did not err in denying the motion for change of venue.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*