33235.   ENGLISH *v*. THE STATE.

Decided September 12, 1950.

352

*Frank H. Morrison,* for plaintiff in error.
*Roy Leathers, Solicitor-General,* contra.

MacIntyre, P. J. ■ The exception to the denial of the petition for a change of venue based solely upon the ground "that an impartial jury cannot be obtained in Clayton County" cannot be considered at this time as there has been no trial of the defendant or final judgment therein. While the denial of a petition for change of venue, based upon such ground, is ground for exceptions pendente lite, it is no ground for a direct bill of

exceptions. *Coleman* v. *George,* 140 *Ga.* 619 (2) (79 S. E. 543); *Anderson* v. *State,* 190 *Ga.* 455 (2) (9 S. E. 2d, 642); *McCullough* v. *Searcy,* 45 *Ga. App.* 841 (166 S. E. 372); *Etchison* v. *State,* 59 *Ga. App.* 876 (2 S. E. 2d, 673).

■ In *Griffin* v. *State,* 59 *Ga. App.* 333, 334 (1 S. E. 2d, 41), it was held: "Under Code, § 27-1201, it is the duty of the trial judge, upon his own motion or upon it being shown at a hearing on a motion for change of venue, 'that there is probability or danger of lynching, or other violence,' to grant a change of venue. This provision is mandatory. See *Johns* v. *State,* 47 *Ga. App.* 58, 64 (169 S. E. 688); *Graham* v. *State,* 141 *Ga.* 812, 817 (82 S. E. 282). The evidence adduced upon the hearing of the motion in the present case was largely opinion evidence, without any specific facts or acts upon which to base the same, and it was denied by other and contradictory evidence on the part of the State. 'While it is mandatory upon the judge to whom a petition for a change of venue is presented in behalf of a defendant in a criminal case . . [under the Code section cited supra] to change the venue if the evidence submitted should reasonably show that there is a "probability or danger of lynching or other violence," it is primarily a question for the judge, upon the hearing of such petition, to determine from the evidence whether or not such probability or danger of lynching or other violence exists; and where the evidence upon such issue conflicts, the judgment denying the defendant's motion to change the venue will not be reversed, unless manifestly erroneous.' *Broxton* v. *State,* 24 *Ga. App.* 31 (99 S. E. 635); *Goumas* v. *State,* 44 *Ga. App.* 210 (160 S. E. 682)." See also *Barronton* v. *State,* 80 *Ga. App.* 44 (55 S. E. 2d, 252); *Garrett* v. *State,* 80 *Ga. App.* 118 (55 S. E. 2d, 672). The action of the trial judge in denying the motion for change of venue, under the contradictory evidence adduced, was not reversible error.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*