### 36214. CRANE *v.* THE STATE.

CARLISLE, J. 1. An exception to the denial of a petition for a change of venue based upon the ground "that a fair and impartial jury cannot be obtained in Dade County" is no ground for a direct bill of exceptions where there has been no trial of the defendant or final judgment thereon. *Coleman* v. *George,* 140 *Ga.* 619 (2) (79 S. E. 543); *Anderson* v. *State,* 190 *Ga.* 455 (2) (9 S. E. 2d 642); *McCullough* v. *Searcy,* 45 *Ga. App.* 841 (166 S. E. 372); *Etchison* v. *State,* 59 *Ga. App.* 876 (2 S. E. 2d 673). The assignment of error upon that ground in the present bill of exceptions will not now be considered.

2.  Under Code § 27-1201, it is the duty of the trial judge, upon his own motion or upon it being shown at a hearing on a motion for change of venue, "that there is probability or danger of lynching, or other violence" to grant a change of venue. This provision is mandatory. *Johns* v. *State,* 47 *Ga. App.* 58, 64 (169 S. E. 688); *Graham* v. *State,* 141 *Ga.* 812, 817 (82 S. E. 282). While it is mandatory upon the judge to whom a petition for a change of venue is presented in behalf of the defendant in a criminal case, to change the venue if the evidence submitted should reasonably show that there is a probability or danger of lynching or other violence, it is primarily a question for the judge, upon the hearing of such petition, to determine from the evidence whether or not such probability or danger of lynching or other violence exists and where the evidence upon such issue is in conflict or based upon opinion evidence without specific facts or acts upon which to base a judgment changing the venue, a judgment denying the defendant's motion for such change will not be reversed. *Broxton* v. *State,* 24 *Ga. App.* 31 (99 S. E. 635); *Goumas* v. *State,* 44 *Ga. App.* 210 (160 S. E. 682); *Barronton* v. *State,* 80 *Ga. App.* 44 (55 S. E. 2d 252); *Garrett* v. *State,* 80 *Ga. App.* 118 (55 S. E. 2d 672); *English* v. *State,* 82 *Ga. App.* 351 (61 S. E. 2d 152).

3.  Under an application of the rules of law stated in the foregoing division, the trial court's action in denying the motion for a change of venue is not reversible error. The evidence adduced upon the hearing dealt almost entirely with the question of obtaining a fair and impartial jury to try the defendant who was charged with murder. While one witness stated that in his opinion "the public feeling remains rather high against the perpetrators of the crime," he nowhere testified to any facts or acts showing any probability or danger of lynching or other violence. The only other evidence upon the subject of such danger was from a witness

who testified that in his opinion there was danger of such violence, but he was referring to the state of feeling among certain members of a posse searching for the perpetrators of the crime with which the defendant was charged, which was before the defendant had been apprehended and at a time some four and one-half years prior to the time of the hearing of the motion for a change of venue.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

Decided May 11, 1956—Rehearing denied June 12, 1956.

*A. W. Cain, Jr., D. L. Lomenick, Jr., Joe J. Wild, Jr.,* for plaintiff in error.

*Earl B. Self, Solicitor-General,* contra.