### 36996. McGRUDER *v.* THE STATE.

CARLISLE, Judge.    1. Where one charged with the offense of robbery by force made a motion for a change of venue under the provisions of Code § 27-1201 on the grounds that "Because of inflamed and prejudiced public opinion in Marion County, defendant cannot obtain a fair and impartial trial in Marion County," and, "Because if defendant were acquitted, or even escaped the death penalty, he would be in danger of having mob violence committed on him by persons prejudiced against him"; and, where, at the conclusion of the evidence introduced on the trial of the issues raised by the motion, the court orally overruled the motion; and, where, there having been no trial of the case, counsel for the defendant thereafter prepared and tendered to the trial judge a bill of exceptions simply assigning error on the judgment overruling the motion for a change of venue, this court is without jurisdiction to consider so much of the exception as complains of the overruling of the first ground of the motion. *Crane* v. *State,* 94 *Ga. App.* 63 (1) (93 S. E. 2d 667).

2. "While it is mandatory upon the judge to whom a petition for a change of venue is presented in behalf of the defendant in a criminal case, to change the venue if the evidence submitted should reasonably show that there is a probability or danger of

lynching or other violence, it is primarily a question for the judge, upon the hearing of such petition, to determine from the evidence whether or not such probability or danger of lynching or other violence exists and where the evidence upon such issue is in conflict or based upon opinion evidence without specific facts or acts upon which to base a judgment changing the venue, a judgment denying the defendant's motion for such change will not be reversed. *Broxton* v. *State*, 24 *Ga. App.* 31 (99 S. E. 635) ; *Goumas* v. *State*, 44 *Ga. App.* 210 (160 S. E. 682; *Barronton* v. *State*, 80 *Ga. App.* 44 (55 S. E. 2d 252; *Garrett* v. *State*, 80 *Ga. App.* 118 (55 S. E. 2d 672); *English* v. *State*, 82 *Ga. App.* 351 (61 S. E. 2d 152)." *Crane* v. *State*, 94 *Ga. App.* 63 (2) supra.

3. In the instant case, while there might have been some slight intimation on the part of one or two of the witnesses that the defendant was in danger of lynching or of mob violence, numerous witnesses called by the defendant testified on direct examination that they had never heard of the case, knew nothing about it and had heard no discussion in the county concerning it, and where other witnesses testified in effect that they had no reason to believe that the defendant would be subjected to mob violence if tried in the county where the crime was committed, we cannot say that the trial judge manifestly abused his discretion in overruling the second ground of the motion for a change of venue.

4. No evidence whatsoever having been introduced in support of the remaining two grounds of the motion which alleged that rumors were "widely circulated" in the county that defendant's attorneys were being paid by the N.A.A.C.P., and that, because of this fact and because of "strong and violent feelings" in the county against members of the Negro race, a fair and impartial jury could not be found in the county with which to try the defendant, the trial court did not err in overruling these grounds of the motion also.

*Judgment affirmed.    Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 20, 1958.

*Grace W. Thomas, Ruby Poole,* for plaintiff in error.
*John H. Land, Solicitor-General,* contra.