40407.   BLEVINS v. THE STATE.

Decided November 27, 1963—Rehearing denied December 10, 1963.

*Frank M. Gleason,* for plaintiff in error.

*Earl B. Self, Solicitor General, Bobby Lee Cook,* contra.

Jordan, Judge.   The defendant was indicted for murder by the grand jury of Walker County on August 22, 1963, and on the following day he moved for a change of venue on the grounds that there would be a probability or danger of lynching or other violence if he were tried in Walker County, and that he could not obtain a trial by a fair and impartial jury in that county. After a hearing at which evidence was adduced in behalf of the defendant and the State, the trial court entered an order denying the motion for change of venue.   The exception is to that judgment.

■   While it is mandatory upon the judge to whom a petition for change of venue is presented in behalf of the defendant in a criminal case to change the venue if the evidence submitted should reasonably show that there is a probability or danger of lynching or other violence, it is primarily a question for the judge, upon the hearing of such petition, to determine from the evidence whether such danger exists; and the rule in this court on review of the judgment of the trial court denying a change of venue has been stated as follows: "Was it too clear and certain to admit of dispute that the superior court erred in refusing to change the venue; or, to put it differently, does it manifestly appear to this court that the lower court erred in its judgment under the evidence when it said that it did not necessarily appear that there was a probability or danger of lynching or other violence? *Johns v. State,* 47 Ga. App. 58 [169 SE 688]; *Bivins v. State,* 145 Ga. 416, 423 (89 SE 370); *Graham v. State,* 141 Ga. 812, 819 (82 SE 282); *Kennedy v. State,* 141 Ga. 314 (80 SE 1012)." *Geer v. State,* 54 Ga. App. 216 (187 SE 601).

".   .   . [W]here the evidence upon such issue is in conflict

or based upon opinion evidence without specific facts or acts upon which to base a judgment changing the venue, a judgment denying the defendant's motion for such change will not be reversed. *Broxton v. State*, 24 Ga. App. 31 (99 SE 635); *Goumas v. State*, 44 Ga. App. 210 (160 SE 682); *Barronton v. State*, 80 Ga. App. 44 (55 SE2d 252); *Garrett v. State*, 80 Ga. App. 118 (55 SE2d 672); *English v. State*, 82 Ga. App. 351 (61 SE2d 152)." *Crane v. State*, 94 Ga. App. 63 (2) (93 SE2d 667).

The record in this case is devoid of any evidence of acts of violence, either consummated or attempted, against the defendant and there is no evidence showing an outward manifestation of concerted ill-will toward the defendant by the citizens of Walker County from which the danger of mob violence might reasonably be inferred. The record does disclose that the defendant was removed from the Walker County jail at the request of the sheriff of that county and transferred to the Floyd County jail where he has remained except for an overnight incarceration in the Polk County jail to which he was removed when an anonymous telephone call was received by the Floyd County Police Department to the effect that a mob from "up north" was coming to get the defendant; and counsel for the defendant has strongly relied on these circumstances in his motion for change of venue. However, the Sheriff of Walker County testified that the defendant was removed from the county jail, not because of any apprehension of possible violence, but because of overcrowded conditions at the jail and the lack of adequate security facilities for detaining a prisoner charged with two murders; and there was no evidence substantiating the information anonymously received by telephone concerning the forming of a mob.

Several witnesses for the defendant testified that in their opinion it would be dangerous for the defendant to be released from jail on bail or to be brought back to Walker County for trial but their opinion testimony was sharply contradicted by that of witnesses for the State; and the evidence showed that the defendant was taken to the Walker County courthouse for his preliminary hearing without incident although a large, but orderly, crowd was present at the scene.

Under these circumstances, therefore, and in the absence of any evidence in the record of any acts of violence having been attempted against the defendant or of specific facts from which the danger of violence can reasonably be inferred, it cannot be said, under the decisions cited above, that the record was "too clear and certain to admit of dispute" that the trial court erred in refusing to enter an order changing the venue of the trial of this case.

■ "Where an application is made, by one accused of crime, for a change of venue on the ground that an impartial jury cannot be obtained, the law devolves on the trial judge the duty and responsibility of making an examination and informing himself of the truth of the averments in the application; and where after hearing evidence the trial court is satisfied that a fair and impartial jury may be had in the county where the crime is alleged to have been committed, this court will not reverse his judgment refusing to change the venue, unless it is made to appear that there has been an abuse of discretion." *Coleman v. State*, 141 Ga. 737 (1) (82 SE 227); *White v. State*, 100 Ga. 659 (1) (28 SE 423); *Rawlins v. State*, 124 Ga. 31 (2) (52 SE 1); *Biggers v. State*, 171 Ga. 596 (1) (156 SE 201).

It is strongly contended by counsel for the defendant that a fair and impartial jury cannot be obtained in Walker County because of the large amount of publicity given to this case by the news media in the area, including radio, television and the press; and the record is replete with evidence of extensive coverage of this case by the three newspapers of general local circulation. The Supreme Court of this State has held, however, that the fact that locally circulated newspapers and other news media have given large amounts of publicity to a case, does not show the existence of such prejudice in the county of the forum as to make the obtaining of a fair and impartial jury impossible, *Morgan v. State*, 211 Ga. 172 (1) (84 SE2d 365), *Douberly v. State*, 184 Ga. 573 (192 SE 223); and the opinion testimony of witnesses for the defendant and the State in this regard was in sharp conflict.

Whether or not a fair and impartial jury can be obtained is in most instances a question which must await the trial of the

case to be resolved; and as stated in the *Biggers* case, supra, at p. 598: "In the selection of a fair and impartial jury the prisoner was protected by his right to peremptory challenges, and to have the statutory voir dire questions propounded; and if these were not sufficient, the prisoner had his right of challenge to the poll and to have had any juror called to try him put upon the court as a trior and the question of such juror's competency and impartiality thoroughly tested."

As stated in the *Coleman* case, supra, at p. 738, "The law leaves this matter largely, we might say almost entirely, in the discretion of the trial judge"; and we cannot say under the record in this case that the trial court abused its discretion in refusing the change of venue upon this ground.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*