### 16402. RAWLINGS *v.* THE STATE.

A motion for change of venue, though sworn to, is not evidence on the trial of the issues raised by the motion, unless it is formally introduced in evidence.

Denial of the motion for change of venue was not error, under the evidence in this case.

DECIDED APRIL 21, 1925.

Application for change of venue; from Johnson superior court—. Judge Camp. March 30, 1925.

Application for certiorari was denied by the Supreme Court.

*Hardwick & Adams, C. S. Claxton, Evans & Evans, Wright & McMillan,* for plaintiff in error.

*Fred Kea, solicitor-general, E. L. Stephens, J. L. Kent, W. C. Brinson, J. J. Harris,* contra.

BLOODWORTH, J. . 1. Where a motion for a change of venue is made, the motion, though sworn to, is not evidence upon the trial of the issues made by the motion, unless it is formally introduced in evidence.

2. " 'Where an application is made by one accused of crime, for a change of venue on the ground that an impartial jury can not be obtained, the law devolves on the trial judge the duty and responsibility of making an examination and informing himself of the truth of the averments in the application; and where after hearing evidence the trial court is satisfied that a fair and impartial jury may be had in the county where the crime is alleged to have been committed, this court will not reverse his judgment refusing to change the venue, unless it is made to appear that there has been an abuse of discretion.' *Coleman* v. *State,* 141 *Ga.* 737 (2 S. E. 227) ; *Best* v. *State,* 26 *Ga. App.* 671 (1) (107 S. E. 266)." *Wilson* v. *State,* 28 *Ga. App.* 574 (112 S. E. 295).

3. " 'While it is mandatory upon the judge to whom a petition for a change of venue is presented in behalf of a defendant in a criminal case, under the act approved August 21, 1911 (Acts of 1911, p. 76), to change the venue if the evidence submitted should reasonably show that there is a "probability or danger of lynching or other violence," it is primarily a question for the judge upon the hearing of such petition to determine from the evidence whether or not such probability or danger of lynching or other violence exists; and where the evidence upon such issue conflicts, the judgment denying the defendant's motion to change the venue will not be reversed, unless manifestly erroneous. Where evidence fails to reasonably show the probability or danger of lynching or other violence, it is not error on the part of the judge to refuse to change

the venue.' *Broxton* v. *State,* 24 *Ga. App.* 31 (1) (99 S. E. 635),
and cases cited." *Wilson* v. *State,* supra.

4.   The rulings quoted in paragraphs 2 and 3 above are firmly
established as the law of this State, the former applicable where the
motion to change the venue is based on the ground that an im-
partial jury can not be obtained, and the latter where the motion
is based on the probability or danger of lynching or other violence;
and both are applicable to the case we are now considering.   In
the instant case the accused was indicted in Johnson county for
murder, and moved for a change of venue on the grounds that he
could not obtain an impartial jury in that county, and that there
was "danger of violence being attempted to be committed on this
movant if he is required to remain in the county of Johnson or
to be tried in said county."   Upon the hearing of the motion the
undisputed evidence showed that there was no danger of any
violence being attempted upon the movant.   As to the other ground
of the motion, while there was some conflict in the evidence
presented, the preponderance thereof was to the effect that the
movant could obtain a fair and impartial trial in Johnson county.
Fifteen witnesses for the State unqualifiedly so testified.   Indeed
some of the six witnesses for the movant testified that in their
opinion such a jury could be obtained.   It follows that the trial
judge did not err in denying the motion.   In addition to authorities
cited above, see *Coggeshall* v. *State,* 33 *Ga. App.* 613 (126 S. E.
568).

   *Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*