28627.  CAMERON *v.* THE STATE.

DECIDED JULY 15, 1940.

*Isaac M. Wengrow, E. Harold Sheats,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. E. Andrews, Daniel Duke,* contra.

GARDNER, J.  The defendant was indicted, on April 19, 1940, in four counts for assault and battery upon four different persons, on different dates.  On June 19, 1940, the case was called for trial; whereupon the defendant presented his motion for change of venue upon two grounds:  (1) that the defendant could not obtain in Fulton County an impartial jury; (2) that there was probability of mob violence to the defendant, his witnesses, his friends, and other parties assisting him, should he be forced to trial; and probability or danger of mob violence to him should he be acquitted.

The allegations of the petition and the testimony in support thereof embraced newspaper headlines, news comments, editorials, photographs, radio notices and broadcasts, and political handbills quoting press comments, with reference to "flogging cases," including batteries and homicides in Fulton and adjoining counties; and it was contended that the comments of the press and the publicity given appertaining thereto by the press and political pamphlets, newspaper headlines, news comments, editorials, photographs, radio notices and broadcasts, quoting therefrom, had created within the minds of the jurors, drawn and to be drawn, such a prejudice against the defendant that it was impossible for him to obtain a fair and impartial trial in Fulton County; that previous trials of other cases, both felony and misdemeanor, had by such press, newspaper, and political handling so inevitably linked the case of this

defendant with such other cases generally so designated as "flogging cases" that it would be humanly impossible for a juror to render an impartial verdict, regardless of what evidence the defendant might produce in his defense.

The defendant, in support of his petition, introduced numerous newspaper clippings, photographs, and handbills, evidences of radio broadcasts and political pamphlets used in a recent county primary, designated as "War," containing bitter and able denunciation against "unlawful flogging cases" and lawlessness in general, and affidavits to the effect that on account of such articles and wide press publicity the defendant could not obtain a fair and impartial trial. The State countered, by affidavits, with testimony to the effect that such newspaper publicity had not so warped the minds of the jurors of Fulton County that the defendant could not obtain a fair and impartial trial. Among these affidavits were a number from jurors who testified that in the event they were selected their minds would not be affected, and that they would render a verdict according to the evidence. There were affidavits from others to the same effect.

In carefully studying the evidence for the movant, we are convinced that the press and other public and political comments and publicity, were directed to the public against the principles of lawlessness, and were well within the province of their legitimate functions, and commendably such, and not against any one individual's constitutional right to a fair trial by an impartial jury. We can not feel, under the evidence in this case, that when and if lawlessness takes sway in any community public protest against such principle should be condemned. None of the articles or comments mentions the defendant in connection with the "flogging cases," except the bare notice that his case had been or would be called for trial. We do not contend or hold that some of the jurors of the many thousands in the jury-boxes would not be influenced or moved to bias and prejudice against any one individual charged with being connected with such reprehensible conduct as is generally termed "flogging cases." But our laws are ample and generous in protecting one so charged, in the selection of a jury to try him. The law permits (if indeed it is not the general practice, even in misdemeanor cases) the trial judge to allow the defendant almost an unlimited latitude in making inquiry of the panel of jurors

put upon him, from whom his triors are to be selected, regarding any bias or prejudice or partiality which they may have by reason of any previous connection or information from whatever source. We are unwilling to hold that when this privilege and right has been exercised, which the trial judge no doubt in his discretion would grant to the defendant upon proper request, out of the thousands of jurors in Fulton County the defendant could not obtain a fair trial, and as fair and impartial a jury to try him in Fulton County as he could find in any county within this State. The judge did not err in denying his motion for change of venue on this ground.

As to the second ground: does the evidence show that the defendant would be in danger of mob violence during the trial or after the trial? The only evidence that the defendant introduced to substantiate these allegations was to the effect that on a previous trial of a "flogging case," three floors from the trial room and after the trial, an assistant solicitor-general engaged in a personal verbal combat with the defendant, who was attending the trial as a witness; and that certain remarks by relatives of the victims had been made with reference to the defendant. On this phase of the case the State introduced evidence to show that within a few days after the defendant was indicted he gave bail, and has since that time and until now been at liberty to go and come to and from court and any other place in Fulton County at will, and that no harm or indication of harm had come to him except the incident in the court-house above mentioned. The State further introduced evidence to the effect that in such incident the defendant was the aggressor. If the evidence for the movant could be said to sustain his allegation, it could likewise with equal force be said that the evidence produced by the State on the counter-showing was equally as credible, and, in the opinion of the trial judge, more convincing, to the effect that neither the defendant nor any other person was in danger of mob violence. This was a question for the trial judge; and unless the evidence shows that he manifestly abused his discretion, this court is without authority to interfere. The judge did not abuse his discretion. The exceptions of the defendant on this ground are without merit. See Code, § 27-1201; *Griffin* v. *State,* 59 *Ga. App.* 333, (1 S. E. 2d, 41), and cit.; *Ellis* v. *State,* 58 *Ga. App.* 110 (198 S. E. 121) ; *Rawlings* v. *State,* 33 *Ga. App.* 825 (127 S. E. 881) ; *Broxton* v. *State,* 24 *Ga. App.* 31 (99 S. E.

635), and cit., relatively to the principles involved in change of venue cases. The judge did not err in denying the change of venue. *Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*