30694.   GOSS *v.* THE STATE.

DECIDED NOVEMBER 18, 1944.

A. B. Taylor, J. L. Smith, Willis Smith, for plaintiff in error.

L. L. Meadors, solicitor-general, contra.

GARDNER, J.   The defendant, a negro, was indicted for the offense of murder, in that he did feloneously and maliciously kill and

murder one Lena Hicks Almon. The record shows that three other negroes also died as the result of poison alleged to have been placed in a well by the defendant. When the case was called for trial, the defendant's attorneys filed an application for a change of venue, insisting that the defendant was in danger of mob violence should the case continue to trial, and should the trial result in an acquittal; that feeling was running high and that should he be exposed to the public, personal violence and lynching would result; and also that he could not obtain a fair trial. This application was accompanied by affidavits in support of his charges.

The State introduced a number of witnesses, including the sheriff of the county, the wife of the sheriff (who was the jailor), the clerk of the superior court, two county commissioners, and other white people from various walks of life, and also introduced eight or ten negro witnesses, all of whom testified against the motion to the effect that the accused would be tried before a fair and impartial jury and that a fair judgment would result, and also that the defendant would not be in danger of personal injury or mob violence.

This court, in *Cameron* v. *State,* supra, discussed the question of the discretion of the judge of a lower court in allowing or denying a change of venue, and in so doing the following language was used: "If the evidence for the movant could be said to sustain his allegation, it could likewise with equal force be said that the evidence produced by the State on the counter-showing was equally as credible, and, in the opinion of the trial judge, more convincing, to the effect that neither the defendant nor any other person was in danger of mob violence. This was a question for the trial judge; and unless the evidence shows that he manifestly abused his discretion, this court is without authority to interfere. The judge did not abuse his discretion. The exceptions of the defendant on this ground are without merit. See Code, § 27-1201; *Griffin* v. *State,* 59 *Ga. App.* 333 (1 S. E. 2d, 41), and cit.; *Ellis* v. *State,* 58 *Ga. App.* 110 (198 S. E. 121); *Rawlings* v. *State,* 33 *Ga. App.* 825 (127 S. E. 881); *Broxton* v. *State,* 24 *Ga. App.* 31 (99 S. E. 635), and cit., relatively to the principles involved in change of venue cases. The judge did not err in denying the change of venue."

When the principle laid down in the *Cameron* case is applied to the facts of the instant case, the court did not err in refusing a change of venue.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*