### 13020. BALKMAN v. THE STATE.

On the motion to change the venue the evidence was sufficient to reasonably show that the accused, if brought back to Miller county, tried, and acquitted, or even if he escaped the death penalty, would be in danger of being lynched or of having other violence done to him. The court, therefore, erred in overruling the motion.

DECIDED DECEMBER 15, 1921.

Motion to change venue; from Miller superior court — Judge Worrill. October 27, 1921.

*W. I. Geer, John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold, E. C. Hill,* contra.

BROYLES, C. J. The accused, a negro, was indicted in the county of Miller for the murder of a prominent white man, and was arrested and carried by the sheriff of the county to Albany and placed in the jail there, from which a few days later he was transferred to the Bibb county jail. He made a motion for a change of venue, upon the grounds that he could not get a fair trial in the county where the homicide occurred, and that if carried back to that county to stand trial there would be danger of his being lynched or of other violence being committed upon him. Upon the hearing of the motion the sheriff of Miller county testified, that immediately after the homicide he arrested the accused and carried him to Albany and placed him in jail there, because he thought the excitement and passion of the people in Miller county were so great that it would not be safe for the accused to remain in that county; that a few days afterwards the accused was transferred to the Bibb county jail; that it was his opinion that if the accused were brought back to Miller county, tried, and *given a death sentence,* no mob violence would be done him, but that if he escaped a death sentence,

the people of Miller county would not be satisfied, and violence might be done him.  Several other prominent citizens of the county testified that it was their opinion that if the accused were tried in Miller county and escaped a death sentence, he would be lynched.  A great many other prominent citizens of the county testified to the contrary, stating that in their opinion the accused could get a fair trial in the county, and that even if acquitted, he would be in no danger of mob violence.  The court overruled the motion, and the accused excepted.

While the evidence was in sharp conflict as to whether the accused, if he escaped a death sentence upon his trial, would be lynched, we think that under all the facts of the case it was sufficient to reasonably show that under such circumstances he would be in *danger* of being lynched, or of having other violence done to him.  It follows that the court erred in overruling the motion.  See, in this connection, Ga. L. 1911, p. 74 (Park's Ann. Code, Vol. 6, § 964) ; *Kennedy* v. *State,* 141 *Ga.* 314 (80 S. E. 1012) ; *Bivins* v. *State,* 145 *Ga.* 416 (89 S. E. 370) ; *Marshall* v. *State,* 20 *Ga. App.* 416 (93 S. E. 98) ; *Butler* v. *State,* 26 *Ga. App.* 435 (106 S. E. 744).

*Judgment reversed.    Luke and Bloodworth, JJ., concur.*