## 18811.   REDDING *v.* THE STATE.

DECIDED MARCH 9, 1928.   REHEARING DENIED MARCH 19, 1928.

*N. F. Culpepper, J. P. Atkinson,* for plaintiff in error.

*W. Y. Atkinson, solicitor-general, J. F. Hatchett,* contra.

BLOODWORTH, J.   The petition for a change of venue is based upon two propositions:

1.   "Petitioner shows that it is impossible for him to have a fair trial, and that it is impossible to get an impartial jury."   Under

the evidence, applied to the law as announced in a number of decisions of this court and of the Supreme Court, this court can not say that the judge abused the discretion vested in him in overruling this branch of the petition. *Rawlins* v. *State,* 124 *Ga.* 31 (2), 40 (52 S. E. 1); *Coleman* v. *State,* 141 *Ga.* 737, 738 (82 S. E. 227); *Davis* v. *State,* 23 *Ga. App.* 223 (98 S. E. 111); *Owens* v. *State,* 30 *Ga. App.* 108 (17 S. E. 119).

2. "Petitioner further shows that there is danger of violence being attempted to be committed on him if he is carried back to Meriwether county for trial, and especially is this danger apparent and urgent should the jury trying this defendant spare his life or find him guilty of manslaughter; in which event there is danger that this petitioner would be lynched." This allegation is supported by affidavits of witnesses who swear that in their opinion, in the event the accused was acquitted at the trial, there would be great danger of his being killed by the friends of the deceased, and that "if any verdict was rendered other than that of death," the defendant would be in great danger of violence. Nowhere in the countershowing made by the State is this particular evidence contradicted or rebutted. Citing the statute relative to the change of venue (Ga. L. 1911, p. 74) and a number of decisions to support the ruling, this court, in *Butler* v. *State,* 26 *Ga. App.* 435 (106 S. E. 744), held: "Upon the hearing of a motion to change the venue in a murder case, upon the ground that there is probability or danger of lynching or other violence being done to the petitioner, if the evidence submitted reasonably shows that there is probability or danger of lynching, or other violence, then it is mandatory upon the judge to change the venue to some county in the State where, in his judgment, the petitioner can be safely tried." This court, in *Balkman* v. *State,* 28 *Ga. App.* 39, 40 (109 S. E. 925), said also that "While the evidence was in sharp conflict as to whether the accused, if he escaped a death sentence upon his trial, would be lynched, we think that under all the facts of the case it was sufficient to reasonably show that under such circumstances he would be in *danger* of being lynched, or of having other violence done to him. It follows that the court erred in overruling the motion." Moreover, the evidence shows that when the accused was first arrested "the officers and authorities arranged for defendant to be kept in jail in Cordele in Crisp county without any commitment

until a special term of Meriwether superior court was called for the purpose of trying defendant; . . that the defendant was quietly and privately brought to the jail of Meriwether county a short time before his trial, and when a mistrial resulted he was immediately removed from the common jail of Meriwether county, because it was considered unsafe for him to remain in such jail, and it was considered that he was in danger of having violence committed upon him, and in danger of being lynched if he remained in such jail, and for these reasons he was removed from said jail and carried to the common jail in Coweta county."

Under all the facts and circumstances, and under the law as set forth above, we are constrained to hold that the second branch of the motion to change the venue as above set forth is meritorious, and therefore the trial judge erred in overruling the motion.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*