22777. McCULLOUGH *v.* SEARCY, Judge.

DECIDED OCTOBER 25, 1932.

*Reuben A. Garland, Frank A. Bowers,* for the applicant.
*Emmett M. Owen, solicitor-general,* contra.

BROYLES, C. J. The following petition was presented to the judge of the superior court of Fayette County:

"Comes now Andrew McCullough and moves this honorable court for a change of venue, on the following grounds:

"1. Petitioner shows that he was indicted on October 17, 1932, in Fayette County, Georgia, said indictment charging the defendant with the crime of murder.

"2. Petitioner shows that said crime was alleged to have been committed in the County of Fayette.

"3. Petitioner shows that at the time of the presentation of this Motion for Change of Venue, petitioner is detained in jail in the adjoining county of Spalding County.

"4. Petitioner says that if he is carried back to Fayette County, there will be danger of mob violence, and of your petitioner being lynched, and that a fair and impartial jury can not now be obtained in Fayette County, Georgia, for the trial of the case against him.

"5. Petitioner shows to the court that the minds of the general public of Fayette County, Georgia, are inflamed and excited, and

that the public opinion in said county is prejudiced against the accused, and that the said accused can not obtain a fair and impartial trial in said county on account of the inflamed and prejudiced minds of the general public against the said accused.

"6. Petitioner shows that on account of the bias and prejudice of the jurors, defendant can not obtain in the above State and county a fair trial and a trial as provided in the constitution of the United States, and to try the accused in Fayette County would be a violation of article 8 of the constitution of the United States, to wit: 'Art. 8 (Art. 6). Of trial in criminal cases, and the right of a defendant. In all [criminal] prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the assistance of counsel for his defense.'

"7. Petitioner says that there is prejudice and bias on the part of each and every qualified juror in Fayette County against this defendant, and that on account of the bias and prejudice of the jurors, most of whom have openly stated that if he sits on the jury that he will hang the accused, and that on account of this fact, defendant can not obtain in the above State and county a fair trial and a trial as provided in the constitution of this State, and to try the accused in Fayette County would be a violation of article 1, section 1, paragraph 3, of the constitution of this State, to wit: 'No person shall be deprived of life, liberty, or property, except by due process of law.'

"8. Petitioner further shows, in this his motion for change of venue, that if he is tried in the above-named county that a trial had in the said county at this time will be a violation of article 8, paragraph 6, of the constitution of the United States, to wit: '6689. Art. 6. Of trial in criminal cases, and the right of a defendant. In all [criminal] prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted

with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the assistance of counsel for his defense.'

"Wherefore defendant prays that the court grant this his motion for change of venue, and that the above stated case be transferred to any county in this State other than Fayette County or to any county that may be agreed upon by the solicitor-general and the attorneys for defendant."

Upon the hearing of the motion, counsel for the movant tendered as evidence the petition of Alvin McCullough (the codefendant of the movant and jointly indicted with him) for a change of venue in his case. This petition was sworn to by Alvin McCullough, and was similar to the petition of movant (Andrew McCullough), except that its allegations referred exclusively to Alvin McCullough, no reference whatever being made therein to Andrew McCullough. On objection by the State the court excluded the proffered evidence, and to that judgment no exception was taken by the movant or his counsel; and the bill of exceptions, subsequently presented to the judge and which he refused to sign, contains no assignment of error thereon. The petition of the movant (Andrew McCullough) for a change of venue was not offered as evidence. The movant introduced in evidence the affidavits of five citizens of Fayette County, each of whom deposed that in his opinion the movant could not obtain an impartial trial in that county. In none of those affidavits was there a single word as to any danger of lynching or of mob violence. The movant also presented one witness whose testimony went exclusively to the question as to whether the movant could obtain an impartial trial in Fayette County. The State introduced seventeen witnesses, and their testimony likewise was solely upon that question. These witnesses were questioned at length on direct examination and on cross-examination, but no single question as to the danger of movant's being lynched or meeting with mob violence was propounded to any of them by either the State's or the movant's counsel. It is apparent from the foregoing facts that the only issue upon the hearing of the petition was whether the movant could obtain an impartial trial in Fayette County, and that any other ground (if there were one) in the petition had been abandoned by the movant.

In our opinion the petition of Alvin McCullough was irrelevant

upon the hearing of Andrew McCullough's motion for a change of venue, and was properly excluded from the evidence. Moreover, even if such exclusion were error, no exception to it being taken, it will be presumed that the movant and his counsel acquiesced in that ruling; and that, since all of the subsequent evidence offered by them was exclusively upon the question of .the movant's being able to obtain an impartial trial in Fayette County, they relied solely upon that ground to get a change of venue. The judge denied the petition, and refused to certify the bill of exceptions presented to him, upon the ground that a direct bill of exceptions did not lie to a judgment refusing to change the venue in a criminal case, where the sole ground relied upon was that an impartial jury could not be obtained in the county where the crime was committed. In *Coleman* v. *George,* 140 *Ga.* 619 (79 S. E. 543), the facts of which were almost identical with those of the instant case, the headnotes are as follows: "1. The court did not err in this case in construing the petition for a change of venue to be based solely on the ground that an impartial jury could not be obtained in the county in which the crime is alleged to have been committed. 2. The court correctly held that the provision in the act approved August 21, 1911, relating to a change of venue in criminal cases, providing for a direct bill of exceptions which should 'operate as a supersedeas in the trial of said case,' is not applicable in case of the denial of a petition for a change of venue, where the same is based solely upon the ground that an impartial jury can not be obtained in the county where the crime is alleged to have been committed." In that case, where the decision was a unanimous one by six Justices, Mr. Justice Beck, in writing the opinion, went thoroughly and exhaustively into the matter; and his reasoning that the intent of the General Assembly, in the passage of the act of 1911, was to provide for a direct bill of exceptions only in a case of a denial of a petition for a change of venue where the same is based upon the danger or the probability of the movant being lynched, or of mob violence being committed upon him, if he be tried in the county where the crime is alleged to have been committed, is cogent, logical, and persuasive. That decision has not been overruled, or even criticised; and if there be any conflict between it and the subsequent decision in *Wilson* v. *State,* 173 *Ga.* 275 (160 S. E. 319), this court is bound to follow the older ad-

judication. It follows that the trial court properly refused to certify the direct bill of exceptions presented to him in this case. *Mandamus absolute denied. Jenkins, P. J., and Sutton, J., concur.*