27389. ETCHISON *v.* THE STATE.

DECIDED APRIL 4, 1939.

*Joseph Jacobs, Arnold Shulman,* for plaintiff in error.

*Roy Leathers, solicitor-general, David Ansley, Weekes & Candler,* contra.

BROYLES, C. J. The accused was indicted in DeKalb County for an assault with intent to murder, and filed his petition for a change of venue. Upon the hearing thereof the motion, after the introduction of evidence, was denied; subsequently, the court refused to grant a supersedeas, and those two judgments were assigned as error. The petition for a change of venue contained seventeen paragraphs, and its predominant reason for the change was the defendant's alleged inability to obtain an impartial jury in DeKalb County. It is true that in one short paragraph the movant made the following allegation: "Defendant states and has adequate reason to believe, and verily does believe, that he is in imminent danger of mob violence being attempted to be committed on your petitioner, and that he fears for his life or safety should he be placed on trial in said county." However, on the hearing of the motion, *all* the evidence introduced by movant referred *solely* to the ground that he could not obtain an impartial jury, and the question of mob violence was not therein mentioned. Moreover, although several witnesses for the State testified on their direct examination that in their opinion the defendant would not be in danger of mob violence if put on trial (and this evidence was uncontradicted by any other evidence adduced), the questions propounded to said witnesses, on cross-examination by counsel for the defendant, related *solely* to the issue of obtaining an impartial jury, no question about mob violence being asked any of them on said cross-examination. Under these circumstances the judge had the right to assume that the defendant had abandoned his contention that he would be in danger of mob violence if placed on trial, and the petition was properly construed by the judge as based solely on the ground that he could not obtain an impartial jury in DeKalb County. In *Mc-*

*Cullough* v. *Searcy,* 45 *Ga. App.* 841 (166 S. E. 372), the first headnote reads: "In the light of all the allegations of the petition for a change of venue and of the evidence submitted in support thereof on the hearing, the trial judge did not err in construing the proceeding as based solely on the ground that an impartial jury could not be obtained in the county where the crime was alleged to have been committed. The one incidental reference, in paragraph 4 of the petition, to the danger of mob violence, made, however, in connection with the movant's alleged inability to obtain a fair and impartial jury, can not be taken as a ground of the proceeding, especially where no such contention was made at the trial [the hearing of the motion], and no evidence was introduced touching any such question. But even if it could be assumed that such a contention could be gathered from the petition, the record shows that it must necessarily have been abandoned by the movant upon the hearing." And in *Coleman* v. *George,* 140 *Ga.* 619 (79 S. E. 543), the headnotes are as follows: "1. The court did not err in this case in construing the petition for a change of venue to be based solely on the ground that an impartial jury could not be obtained in the county in which the crime is alleged to have been committed. 2. The court correctly held that the provision in the act approved August 21, 1911, relating to a change of venue in criminal cases, providing for a direct bill of exceptions which should 'operate as a supersedeas in the trial of said case,' is not applicable in case of the denial of a petition for a change of venue, where the same is based solely upon the ground that an impartial jury can not be obtained in the county where the crime is alleged to have been committed." See also *McCullough* v. *Searcy,* supra.

Under the foregoing rulings the judge, after the motion to change the venue had been denied, properly refused to grant the supersedeas. Nor did the judge err in overruling the motion to change the venue, since the evidence adduced on the hearing thereof amply authorized him to find that the defendant could obtain an impartial jury in DeKalb County. "Where an application is made, by one accused of crime, for a change of venue on the ground that an impartial jury can not be obtained, the law devolves on the trial judge the duty and responsibility of making an examination and informing himself of the truth of the averments in the application; and where, after hearing evidence, the trial court is satisfied that a

fair and impartial jury may be had in the county where the crime is alleged to have been committed, this court will not reverse his judgment refusing to change the venue, unless it is made to appear that there has been an abuse of discretion." *Coleman* v. *State,* 141 *Ga.* 737 (82 S. E. 227) ; *Best* v. *State,* 26 *Ga. App.* 671 (107 S. E. 266) ; *Wilson* v. *State,* 28 *Ga. App.* 574 (2) (112 S. E. 295).

*Judgment affirmed.* *MacIntyre and Guerry, JJ., concur.*