29266.  WELLS *v.* THE STATE.

DECIDED SEPTEMBER 9, 1941.

*W. W. Larsen Jr., Lester F. Watson,* for plaintiff in error.
*J. Eugene Cook, solicitor-general,* contra.

BROYLES, C. J.   Felix Wells was indicted in the county of Laurens for the offense of being an accessory before the fact to the murder of his wife.  He filed a timely motion to change the venue, on the grounds that he could not obtain an impartial jury in Laurens County, and that he would be in danger of mob violence if tried in that county.  The State filed its general and special demurrers to the motion.  The general demurrer was overruled.  Some of the special demurrers were sustained, and the others overruled.  The movant excepted to the rulings sustaining certain of the special demurrers.  The State also filed a traverse to the motion, in which it denied every ground of the motion.  Upon the hearing of the motion the movant introduced as his sole evidence his verified petition for a change of venue.  The State presented several residents of the county, who testified that in their opinion the movant could obtain an impartial jury in that county, and that he would not be in danger of mob violence if tried there.  The judge overruled the motion and that ruling is assigned as error.  It is well settled by numerous decisions of the Supreme Court and of this court that a judgment denying a motion for a change of venue will not be reversed unless it appears that the court abused its discretion in rendering the judgment, and that the judgment will be affirmed where the evidence is in conflict as to whether the movant can obtain an impartial jury in the county, and as to whether he would be in danger of mob violence if tried there.  *Rawlins* v. *State,* 124 *Ga.* 31 (2) (52 S. E. 1) ; *Wilburn* v. *State,* 140 *Ga.* 138 (2), 141 (78 S. E. 819) ; *Johns* v. *State,* 47 *Ga. App.* 58 (169 S. E. 688).  A reading of the evidence introduced shows that, while conflicting in some respects, it amply authorized the judgment rendered.  The rulings upon the special demurrers which were excepted to, and the rulings upon the admissibility of evidence during the trial, show no cause for a reversal of the judgment.

*Judgment affirmed.   MacIntyre and Gardner, JJ., concur.*