31226.   HUGHEY *v.* THE STATE.

DECIDED APRIL 11, 1946.

*Erwin & Nix, J. D. Quillian,* for plaintiff in error.

*Hope D. Stark, solicitor-general, J. W. Arnold, J. N. Rainey,* contra.

GARDNER, J. When the provisions of this statute (Ga. L. 1911, p. 74; Code, § 27-1201) were here for consideration, this court stated that it had no authority to interfere in such a case when the evidence was conflicting, unless it appeared that the trial judge had abused his discretion. See *Wells* v. *State, 65 Ga. App.* 753 (16 S. E. 2d, 437). We have set out the evidence practically in its entirety as to the material parts, for the purpose of illustrating that there is practically no conflict. These matters must be left to the trial judge, under the statute and under the public weal. He has close contact not only with the attaches of the court, including the solicitor and the sheriff, but with the general public. The community of which Barrow County is constituted is composed of the highest citizenry found anywhere. All of the evidence showed that the conduct of the sheriff in the discharge of his duties was above reproach. There are many comments which could be made concerning the record in this case, but we deem it unnecessary. Suffice it to say that the evidence presented on behalf of the accused does not measure up to the standard which would authorize the court to reverse this case, under the statute.

The defendant cites two decisions in support of his contentions, *Johns* v. *State, 47 Ga. App.* 58 (168 S. E. 688), and *Redding* v. *State,* 38 *Ga. App.* 38 (142 S. E. 197). We find nothing in either of those cases or in any other case to sustain the contention that the judgment should be reversed.

The court did not err in denying the application for a change of venue for any of the reasons assigned.

*Judgment affirmed.     Broyles, C. J., and MacIntyre, J., concur.*