1. Where the evidence for the State authorizes a conviction, and the defendant's statement authorizes an acquittal, a verdict of guilty will not be disturbed, because the jury has the right to disbelieve the defendant's statement in whole or in part. See Code, § 38-415; Cornwall v. State, 91 Ga. 277
(5) (18 S.E. 154); Allen v. State, 194 Ga. 430 (22 S.E.2d 65); Eidson v. State, 66 Ga. App. 765 (2) (19 S.E.2d 373).
2. There is sufficient evidence to establish both the venue and the fact that the crime was committed within the period of the statute of limitations.
3. The verdict is supported by the evidence and the trial court did not err in overruling the motion for a new trial.
Judgment affirmed. MacIntyre, P. J., and Gardner, J.,concur.
 DECIDED JULY 12, 1949. REHEARING DENIED JULY 28, 1949.
The defendant was tried in the Superior Court of Glascock County for carrying a pistol without a license.
Neal Reese, the only witness for the State, testified as follows, on direct examination: "I will be 17 years old in April. I know Joe Pinkston and called him Dude Pinkston. I saw him with a pistol in this county on the 8th day of May, 1948. When I first saw him he was coming from a store in Bastonville. He went down to a house. I don't know whose house it was; it was not where he lived. I saw him with a pistol at that house. He got it out of his back pocket. I saw him put it back in his pocket."
On cross-examination Reese testified as follows: "He stopped at that house because George Pinkston called him to come there. He was not going in the direction of his home. He came out there to that house, and when he got there George called him. He was going in the road down towards his home; he came to the house."
The defendant made the following statement: "Gentlemen, I was walking the road there and found a pistol in the road, going to take it home and give it to the owner when he claimed it."
Thereupon, the evidence closed and the jury returned a verdict of guilty.
Counsel for the defendant filed a motion for a new trial based on the general grounds and two additional grounds, contending that the venue was not proved, and that the evidence failed to show the alleged crime to have been committed within the period of the statute of limitations.
The exception was to the judgment overruling the motion for a new trial as amended.