32723. PINKSTON *v.* THE STATE.

Decided October 27, 1949.

*J. D. Godfrey, Casey Thigpen,* for plaintiff in error.

*J. Cecil Davis, Solicitor-General,* contra.

Townsend, J.  Joe Pinkston was indicted at the February term of Glascock Superior Court for the offense of shooting at one J. L. Reese on May 8, 1948.  A motion for change of venue was filed by the defendant and, after presentation of evidence and argument, was denied by the trial court.  The defendant excepted, and assigns error on this ruling.

■ The evidence for the State consists of the testimony of numerous citizens of the county, including the sheriff, the mayor, a member of the grand jury which had indicted Pinkston, a jury reviser, the chairman of the board of county commissioners, and other citizens and residents.  These all stated that in their opinion there was no feeling in the county which would lead them to believe that the defendant would not receive a fair trial.

Code § 27-1201, relating to change of venue, provides in part: "if . . the court shall be satisfied that an impartial jury cannot·be obtained to try the case, the judge shall transfer it to any county that may be agreed upon."

In the present case there was ample evidence, through the statements and opinions of many of the leading citizens of the county, that an impartial jury could be obtained, and it was therefore no abuse of the court's discretion to refuse a change of venue upon this ground.

■ The evidence for the defendant is embodied in his sworn petition, which was introduced in evidence, and this court will consider this evidence in connection with the records of two previous cases (*Pinkston v. State,* 78 *Ga. App.* 91, 50 S. E. 2d, 645, and *Pinkston v. State,* 79 *Ga. App.* 762, 54 S. E. 2d, 343) insofar as reference to these cases is incorporated in the sworn motion for change of venue, and to which no demurrer

was interposed. So doing, it appears that on May 8, 1948, Joe Pinkston, a Negro, and J. L. Reese, a young white man, brother to Neal Reese and son of Ray Reese, had an altercation, as a result of which J. L. Reese and Pinkston are each alleged to have shot at, but missed, each other; that the father, Ray Reese, was informed of the altercation and drove down to the Negro section, that he took with him the younger son, Neal; that he found J. L. Reese at a house about 75 yards from the defendant's house, that he drove on to the defendant's house, picked up a gun or pistol and tried to force his way into the defendant's house for purposes of revenge, and that the defendant shot and wounded him; that when he got home J. L. Reese took a gun and was going back to kill the defendant, but his father stopped him; that a jury of Glascock County convicted the defendant of assault with intent to murder, which conviction was reversed by this court because the evidence demanded a finding that the defendant had fired in defense of his habitation; that on the same evening the shooting occurred a group of men rode by the defendant's house and fired shots therein; that after the decision of the Court of Appeals in the case pertaining to Ray Reese, his son, Neal Reese, had a warrant sworn out charging the defendant with carrying a pistol without a license on May 8, 1948, and his son J. L. Reese had a warrant sworn out charging him with shooting at another on May 8, 1948; that the grand jury returned true bills as to these charges, and returned a no bill as to a charge of shooting at another directed against J. L. Reese; that a jury of Glascock County convicted Pinkston of the offense of carrying a pistol without a license, which conviction was affirmed by this court. Paragraph 5 of the sworn motion also states as follows:

"Said J. L. Reese is a violent and dangerous person and will likely do this defendant harm if he is acquitted in Glascock County, said Reese several months prior hereto, in Warren County, set fire to and burned down barn of Misses Beulah and Lena Norris, also burning barn of Arthur Reese and setting fire to dwelling house of Charlie Lee Norris and so far the State has been unable to get said J. L. Reese to trial for said arson offenses." This evidence also was not controverted by any other evidence.

Code § 27-1201, supra, further provides in part that "if the evidence submitted shall reasonably show that there is probability or danger of lynching or other violence, then it shall be mandatory on said judge to change the venue to such county as, in his judgment, will avoid such lynching."

What degree of evidence would be sufficient to establish a danger of violence to the accused is a question of such difficulty, and which must necessarily vary so greatly with the circumstances of each case, that it would be impossible to define its limits with exactitude. The danger may be obvious in some cases, and latent in others. It may be more threatening because it is unannounced.

There is undisputed evidence here that the defendant's habitation was at least once threatened by a group of armed men, and this court cannot say that the evidence introduced before the trial court obviated the probability that it would be repeated. Where there is so much doubt as to the threat of future armed violence, the welfare of the State, as well as that of the citizens of the county in which the alleged crime was committed, demands, no less than the welfare of the individual defendant, that such doubt should be removed. This can only be accomplished by a change of venue, by which the State's case is in no way prejudiced and the society of this State as a whole in no way suffers. It is the province and duty of the courts, not only to punish lawlessness, but, insofar as possible, to guard against it, and a reasonable doubt as to the safety of the defendant, in the event of acquittal, should be resolved in his favor for the welfare of society as a whole, by laying the venue in a county disassociated from the turbulence and rancor of the disturbances.

In *Butler* v. *State*, 26 *Ga. App.* 435 (1) supra, it was held as follows: "Upon the hearing of a motion to change the venue in a murder case, upon the ground that there is probability or danger of lynching or other violence being done to the petitioner, if the evidence submitted reasonably shows that there is probability or danger of lynching or other violence, then it is mandatory upon the judge to change the venue to some county in the State where, in his judgment, the petitioner can be safely tried. Ga. L. 1911, p. 74; *Kennedy* v. *State*, 141 *Ga.* 314 (80 S. E. 1012); *Graham* v. *State*, 141 *Ga.* 812 (82 S. E. 282); *New-*

*man* v. *State*, 143 *Ga.* 270 (84 S. E. 579) ; *Bivins* v. *State*, 145 *Ga.* 416 .(89 S. E. 370) ; *Marshall* v. *State*, 20 *Ga. App.* 416 (93 S. E. 98) ." See also *Gordon* v. *State*, 47 *Ga. App.* 708 (171 S. E. 313).

The evidence here shows a probability or danger of violence to the accused, and the trial court erred in denying the motion for change of venue.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*