### 38986. FERGUSON v. THE STATE.

DECIDED JULY 14, 1961—REHEARING DENIED JULY 26, 1961.

*Baron H. Asher,* for plaintiff in error.

*Dan Winn, Solicitor-General, John T. Perren, Robert J. Noland,* contra.

JORDAN, Judge. The defendant under an indictment charging him with the offense of murder made a motion in the Superior Court of Douglas County for a change of venue. The trial court denied the motion and the exception is to that judgment.

1. An exception to the denial of a motion for a change of venue based upon the grounds that a fair and impartial jury and a fair and impartial trial cannot be obtained in the county of the forum is not grounds for a direct bill of exceptions to this court under the provisions of *Code* § 27-1201. *Coleman v. George,* 140 Ga. 619 (2) (79 SE 543); *Anderson v. State,*

190 Ga. 455 (2) (9 SE2d 642); *McCullough v. Searcy*, 45 Ga. App. 841 (166 SE 372); *Etchison v. State*, 59 Ga. App. 876 (2 SE2d 673). Under the rulings of this court in *Crane v. State*, 94 Ga. App. 63 (1) (93 SE2d 667), and *McGruder v. State*, 96 Ga. App. 874 (1) (102 SE2d 54), this court is without jurisdiction at this time to consider so much of the exception as complains of the overruling of the above grounds of the motion.

2. Under *Code* § 27-1201, it is the duty of the trial judge, upon his own motion or upon it being shown at a hearing on a motion for a change of venue, that there is probability or danger of lynching, or other violence, to grant a change of venue. *Griffin v. State*, 59 Ga. App. 333 (1 SE2d 41). While the provisions of this Code section are sufficiently broad to include danger or probability of violence to the defendant's attorney, which is the basis of that part of the instant motion which we may now consider, we cannot say that the trial judge abused his discretion in the present case in denying the motion based on that ground. The only evidence of any violence or threat of violence to the defendant's attorney adduced upon the hearing related to a single isolated incident which occurred when the attorney served a subpoena upon a citizen of the county ordering him to appear at the hearing.

While the defendant's attorney testified that he felt that he could not do a proper job as defense counsel, if the trial were held in Douglas County, as a result of the fear engendered in him by this incident, under all the evidence adduced upon the hearing, the trial judge was authorized to find as a matter of fact that "there is no danger of bodily harm to counsel for defendant, nor is there reasonable grounds for any fear that violence may be perpetrated upon him."

Accordingly, the trial court did not err in denying the motion for a change of venue.

*Judgment affirmed. Townsend, P. J., and Frankum, J., concur.*