### 41054. ROACH v. THE STATE.

HALL, Judge. The defendant was tried for rape. After considering the case for several hours the jury was unable to reach a verdict and the court declared a mistrial on September 29, 1964, and re-set the case for trial on October 5, 1964. On October 2 the defendant filed a motion for change of venue on the grounds that he was unable to get a fair trial by an impartial jury in Whitfield County and that there was a probability or danger of his being lynched or of other violence should he be tried in that county. The defendant also filed a petition for mental examination which alleged that there was some evidence that he was then insane and at the time of the alleged offense lacked the mental capacity to commit the offense, and that because of lack of funds he was unable to secure medical assistance, and prayed that the court order that he be examined at Milledgeville State Hospital. After hearing evidence the trial court denied both this petition and the motion for change of venue. The defendant assigns error on these judgments. *Held:*

The denial of the defendant's petition for change of venue on the ground that a fair and impartial jury cannot be obtained in the county where the crime was committed must, for the reasons stated in *Blevins v. State*, 108 Ga. App. 738 (2) (134 SE2d 496), await the trial of the case to be resolved. We cannot say under the record at this early stage of the proceedings that the trial court abused its discretion in refusing the change of venue upon this ground.

■ On the motion for change of venue there was evidence that the newspaper of general circulation in Whitfield County had related the proceedings of the trial that ended in a mistrial, including the testimony of the alleged victim and the records of the defendant's previous convictions, and the fact that there had been an outburst of hand clapping by spectators during the trial. There was evidence that the judge who presided at the trial stated before declaring a mistrial that he had to declare a mistrial because of the feelings of the people. The judge disavowed this statement and explained that he had said that he thought it was best to set the case down for retrial at this time "because some emotion had been exhibited in the courtroom, and that in order to keep this feeling from rising any more, that it was necessary to go ahead and try the case," in order to protect the defendant "as well as to see that justice was obtained without incident and a lot of emotion entered into the trial." There was evidence that the Sheriff of Whitfield County stated before the mistrial that he was afraid of what might happen to the defendant if he was not given the death sentence by the jury trying the case. The sheriff testified at the hearing that there had been no violence during the trial and he had anticipated none, and there had been no thought of removing the prisoner to another jail to await trial. On the evening before the date set for retrial a rock was thrown through the front window of the house of one of the defendant's counsel, and another large rock was found in the front yard.

The issue for review is whether from the evidence as a matter of law it reasonably appeared that there was a danger of lynching or violence to the defendant. Ga. L. 1911, p. 74 (*Code* § 27-1201); *Kennedy v. State,* 141 Ga. 314 (80 SE 1012); *Butler v. State,* 26 Ga. App. 435 (106 SE 744); *Pinkston v. State,* 80 Ga. App. 268 (55 SE2d 877); *Ferguson v. State,* 104 Ga. App. 215, 216 (121 SE2d 338); *Blevins v. State,* 108 Ga. App. 738, supra. No case that we have examined, including *Balkman v. State,* 28 Ga. App. 39 (109 SE 925), holding that a change of venue was demanded by the evidence, requires a finding from the evidence in the present case that there was a danger of lynching or violence to the defendant. In this case the evidence authorized the trial court to find that there was not a danger of lynching or violence to the defendant and to overrule the motion for change of venue.

■ From the testimony given at the hearing on the petition for mental examination, and from the fact that counsel have filed no special plea of insanity at the time of the trial, *Brown v. State,* 215 Ga. 784, 787 (113 SE2d 618), we presume that their object was to show that the defendant needed medical assistance to support a defense of insanity at the time of the alleged offense. *Carter v. State,* 56 Ga. 463, 467; *Danforth v. State,* 75 Ga. 614 (58 AR 480) ; *Carr v. State,* 96 Ga. 284, 286 (22 SE 570) ; *McKethan v. State,* 201 Ga. 23, 36 (39 SE2d 15) ; *Blackston v. State,* 209 Ga. 160 (71 SE2d 221).

The right of a person accused of a felony to the aid of counsel at all critical stages of criminal proceedings, before trial, and to prosecute an appeal provided by State law, is fundamental and must be protected by the State. Hamilton v. Alabama, 368 U.S. 52 (82 SC 157, 7 LE2d 114) ; Gideon v. Wainwright, 372 U.S. 335 (83 SC 792, 9 LE2d 799) ; White v. Maryland, 373 U.S. 59 (83 SC 1050, 10 LE2d 193) ; Douglas v. California, 372 U.S. 353 (83 SC 814, 9 LE2d 811) ; *Fair v. Balkcom,* 216 Ga. 721, 725 (119 SE2d 691) ; *Blake v. State,* 109 Ga. App. 636 (137 SE2d 49). Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts of the trial proceedings. Griffin v. Illinois, 351 U.S. 12, 19 (76 SC 585, 100 LE 891) ; Draper v. Washington, 372 U.S. 487 (83 SC 774, 9 LE2d 899). "There can be no equal justice where the kind of trial a man gets depends on the amount of money he has." Griffin v. Illinois, supra. The cited cases recognize that persons too poor to hire a lawyer and pay the expense of an appeal cannot be assured a fair trial and equal justice unless these rights are provided for them. "People have never ceased to hope and strive to move closer to that goal." Griffin v. Illinois, supra, p. 16. It is not inconceivable that the ideal embodied in our constitutions, that every defendant shall stand equal before the law, might be held to require, and would certainly permit, that a criminal defendant be furnished assistance to procure evidence reasonably obtainable for his defense, including when needed an examination by a competent and disinterested expert qualified to give testimony as to the defendant's mental capacity in support of a defense of insanity or a special plea of insanity at the time of trial.

The evidence at the hearing on this petition showed that Whitfield County has a medical examiner who is available to

prisoners at any time at the county's cost. There was no evidence that this medical examiner was not disinterested and competent to evaluate the defendant's mental capacity at the time of the alleged crime or the trial. If we assume that when needed to comply with constitutional principles the trial court would have the power to order a mental examination on behalf of the accused (we do not decide this question), we are of the opinion that the selection of the examining expert would generally be in the discretion of the court, and that the court would not be required to provide for the examination at a particular place or by a particular expert named by the defendant.

The defendant did not pray that the court provide an examination of his mental capacity by an expert appointed by the court. The court did not err in denying the petition for an order that the sheriff convey the defendant to Milledgeville State Hospital and place him with the authorities there for an examination as to his mental capacity on and after the date of the alleged offense, and that the superintendent of that institution report thereupon to the solicitor general.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*

DECIDED JANUARY 20, 1965—REHEARING DENIED
FEBRUARY 2, 1965.

*Pittman & Kinney, Charles L. Pickell, John T. Avrett*, for plaintiff in error.

*R. L. Vining, Jr., Solicitor General*, contra.