41361.   WHITUS v. THE STATE.
41362.   DAVIS v. THE STATE.

Argued June 8, 1965—Decided June 15, 1965—
Rehearing denied July 2, 1965.

*P. Walter Jones, B. Clarence Mayfield,* for plaintiffs in error. *Fred B. Hand, Jr., Solicitor General,* contra.

EBERHARDT, Judge. ■ ■ "The denial of the defendant's petition for change of venue on the ground that a fair and impartial jury cannot be obtained in the county where the crime was committed must, for the reasons stated in *Blevins v. State,* 108 Ga. App. 738 (2) (134 SE2d 496), await the trial of the case to be resolved. We cannot say under the record at this early stage of the proceedings that the trial court abused its discretion in refusing the change of venue upon this ground." *Roach v. State,* 111 Ga. App. 114 (1) (140 SE2d 919). And see *Johns v. State,* 47 Ga. App. 58 (169 SE 688), where the standard for a showing under this ground is spelled out.

■ This extends also to the matter of whether a jury will be available meeting the constitutional standards for due process. The officers of the county, including the judge and the solicitor general, are aware of the constitutional and statutory requirements for the selecting of persons whose names are to be placed in the jury box and for the drawing of juries. *Allen v. State,* 110 Ga. App. 56 (137 SE2d 711); *Blevins v. State,* 220 Ga. 720 (3, 4) (141 SE2d 426). We must assume that they will, in all respects, follow the mandate of the law and perform their full duty in affording the defendants a fair trial with due process and equal protection. *Georgia Cas. Co. v. McRitchie,* 45 Ga. App. 697 (3) (166 SE 49); *Clements v. Hollingsworth,* 202 Ga. 684 (4a) (44 SE2d 381). Indeed, failure on their part to do so would be an exercise in futility, for any conviction obtained by a trial lacking in the observance of constitutional standards would fall. Cf. Whippler v. Balkcom, 342 F2d 388.

■ On the question of whether the defendants have made a showing of the likelihood or probability of violence against them or their counsel, we recognize that the requirement for the showing is considerably less stringent than that relative to the matter of whether a fair and impartial jury can be obtained. This, too. is delineated in *Johns v. State,* 47 Ga. App. 58, 64, supra.

If it can be said that when all of the evidence is considered it leaves the mind of a reasonable man with the feeling that something untoward is likely to happen in the event of a trial of the defendants in the county where the crime was committed, the judge ought to move it by granting the motion. *Code* § 27-1201; *Ferguson v. State,* 104 Ga. App. 215 (121 SE2d 338).

The issue is one of fact, and must be left to the judge who hears the evidence, his judgment not to be disturbed unless it appears that he has manifestly violated his duty, *Graham v. State,* 141 Ga. 812 (82 SE 282); or, to put it another way as Judge Hall did in *Roach v. State,* 111 Ga. App. 114 (2), supra, unless "from the evidence as a matter of law it reasonably appeared that there was a danger of lynching or violence to the defendant[s]" or their counsel. We do not think the evidence here demanded that finding. True enough, counsel for the defendants has received anonymous telephone calls of a threatening nature. Because of these he has, in the performance of his duty, asked for a change of venue. He has submitted all of the facts to the court, and these the court has considered, along with other evidence which seems overwhelmingly to have refuted any existence of the probabality of danger.

*Judgment affirmed. Nichols, P. J., and Pannell, J., concur.*