46862.   GREEN v. THE STATE.

Argued January 6, 1972—Decided January 20, 1972.

*Joel A. Willis, Jr.,* for appellant.

*R. Avon Buice, District Attorney,* for appellee.

DEEN, Judge. ■ Immediately after the defendant's arrest on January 25 threats were communicated to county authorities, as a result of which the defendant was moved to the Bibb County jail where he remained until February 8, his trial being held on February 10. Defendant moved for a change of venue on the hearing of which, immediately preceding the trial, defendant introduced evidence of threatening telephone calls to the sheriff and of two men who came to the jail threatening harm. The motion, which also recited the previous trial and conviction and alleged that because of knowledge of its circumstances by residents of the county the defendant's case would be adversely affected, sought a change of venue on the grounds of fear of lynching, danger of mob violence, and the impossibility of obtaining a fair trial within the county. The grounds concerned with lynching and mob violence are now moot, and there is no showing that the fact that people of both races were in the courtroom in large numbers during the trial caused any emotion or disorder. The petition does not charge difficulty in obtaining a fair and impartial jury, nor, so far as the record shows, was there any difficulty in obtaining a jury satisfactory to both sides, nor any challenge brought against it as finally constituted. The motion is one addressed to the sound discretion of the court, whose judgment will not be reversed in the absence of clear proof of its abuse. "Ordinarily a review of his determination must await the result of the trial." *Whitus v. State,* 112 Ga. App.

29 (1) (143 SE2d 649). There is nothing here to indicate that the defendant did not in fact have a fair trial. The motion was properly denied.

■ This court will not consider matters which are not enumerated as error, and particularly so when no objection was made during the course of the trial. Nothing in the record raises any question of the illegality of the line-up procedure, and we comment only that since the defendant was informed of his right to counsel at the time of the arrest, made no showing that he wished to obtain counsel, and was placed in the line-up almost immediately thereafter, we see no indication that he was denied the right of counsel within the meaning of United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149).

■ There was no error in overruling the defendant's motion for mistrial based on a witness' statement that the fingerprints lifted from the prosecutrix' home were compared with others taken from the defendant in the Bibb County jail. This defendant had been transferred to the Bibb County jail for his own protection shortly after his arrest. If this was not already clear to the jury, the fact could easily have been elicited from the witness by defendant's counsel. Nor was it error to refuse to delay the trial in order to obtain equipment for a physical demonstration to the jury of methods used by the witness in lifting and identifying fingerprints. Even when experiments have in fact been made, admissibility of evidence regarding them is largely within the discretion of the court. *Bell v. State,* 164 Ga. 292 (138 SE 238). The rule is similar as to demonstrations and experiments sought to be performed before the jury, and in the absence of a showing of the materiality of the proffered material and its importance within the framework of the trial or other facts amounting to an abuse of discretion, this court will not interfere. Cf. *Howard v. Montezuma Fertilizer Co.,* 34 Ga. App. 411 (5) (130 SE 72).

*Judgment affirmed. Jordan, P. J., and Clark, J., concur.*