## 46894. PIERCE v. THE STATE.

CLARK, Judge. Defendant appeals from the denial of an application for a change of venue in relation to pending trial in Jeff Davis County on an indictment for murder. The application contends that (1) a fair and impartial jury cannot be obtained in the county and (2) there is a danger of defendant being lynched and of mob violence. After hearing evidence in support of and in opposition to the application, the trial judge denied the application.

An applicant for a change of venue on the ground that a fair and impartial jury cannot be obtained must show such by clear and convincing evidence. As to the ground of personal danger the showing required is much less stringent and if a feeling emerges, after considering all the evidence, that something untoward is likely to happen the application should be granted. In both instances it is the duty of the trial judge to hear the evidence and find the facts of the matter. His judgment may not be disturbed unless it appears that he has manifestly violated his duty. *Whitus v. State,* 112 Ga. App. 29 (143 SE2d 649), citing *Graham v. State,* 141 Ga. 812 (82 SE 282), *Roach v. State,* 111 Ga. App. 114 (140 SE2d 919), *Ferguson v. State,* 104 Ga. App. 215 (121 SE2d 338), *Johns v. State,* 47 Ga. App. 58 (169 SE 688), and *Code* § 27-1201.

The transcript of evidence shows an armed attempt was previously made by six men (five of whom were residents of Jeff Davis County and all being relatives of the alleged victim named in the indictment) to kidnap the defendant from a jail in a neighboring county where defendant was then incarcerated pending trial on another indictment. This occurred six weeks prior to the hearing on the change of venue request and was thwarted by the sheriff without any turmoil. Evidence was presented to show there were no present threats against defendant and that there would be adequate security provided for the forthcoming trial. There is also evidence of a fair amount of publicity addressed to the defendant and the crime with which he is charged but there is no evidence that such publicity will prevent obtaining a fair and impartial jury.

We do not conclude as a matter of law that evidence presented required the trial judge to grant the application.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

ARGUED FEBRUARY 7, 1972—DECIDED FEBRUARY 14, 1972.

*Alvin Leaphart, Randall O. Palmer,* for appellant.
*Glenn Thomas, Jr., District Attorney,* for appellee.