## 57332. ATTAWAY v. THE STATE.

BIRDSONG, Judge.

On August 30, 1978, the defendant was indicted for voluntary manslaughter of his wife by the Grand Jury of Charlton County. The indictment alleged that the offense occurred on March 18, 1978. Defendant contends his wife was attempting to kill herself and he tried to intervene. As a result, a pistol accidentally fired, killing his wife.

Defendant filed a motion for change of venue on the grounds that (1) an impartial jury cannot be obtained in Charlton County; and (2) that there was a probability or danger of violence being attempted to be committed on defendant.

An evidentiary hearing was held in October, 1978, in which the defendant called eleven witnesses. The state called no witnesses. Its opposition to the motion consisted only of the cross examination of defendant's witnesses.

The court denied the motion. A certificate of immediate review was issued and this court granted the application for an interlocutory review of this issue.

The evidence shows the following: Charlton County has a population of between 6,000 and 7,000. The alleged victim came from a large family that took an active part in community life and was well-liked. Defendant was the manager of a local garment factory, and during his tenure as manager, discharged about 200 individuals, the result

of which made a lot of enemies. The incident which brought about this indictment was a matter of general public discussion throughout the county. Nine of the eleven witnesses who testified, including the defendant, gave the opinion that based on the widespread public discussion of the case that an impartial jury could not be obtained in Charlton County.

One of these was the tax commissioner of Charlton County, a person actively involved politically in the county and dependent upon the good will of the electorate of the county to retain his official position. Notwithstanding the high feeling to which he testified as being prevalent throughout the county, the witness in substance testified that citizens of the county had formed such fixed opinions that either the defendant or the state could not receive a fair trial.

The two other witnesses were the county sheriff and the police chief of Folkston. The sheriff testified that he had been out among the citizens and that he believed that defendant as well as anyone else could receive a fair trial in Charlton County. The chief of police testified that he saw no evidence of hostility toward defendant. Defendant testified that approximately three months prior to the hearing, his deceased wife's brother had threatened to kill defendant, but that since the date of her death (March 18, 1978), he had continued to work in Charlton County. The sheriff testified that in his opinion the defendant would not be placed in danger of being harmed during a trial in Charlton County; however, the sheriff was of the further opinion that in the event of defendant's acquittal that there would be a "good possibility. . .that something could happen to him. By that I meant if they happen to get at the bar and get to talking and drinking and something could happen. . ." There was other testimony of threatened reprisals against defendant which occurred at about the time of the death and funeral of the victim. *Held:*

A trial court may grant a change of venue under Code § 27-1201 where (1) an impartial jury cannot be obtained or (2) if there is a danger of violence to defendant. The grant or denial of a motion for change of venue lies largely within the discretion of the trial court. *Jarrell v. State,* 234 Ga. 410, 415 (216 SE2d 258). We see no abuse of that

discretion here in denying the motion with reference to the ground alleging a danger of violence.

There was evidence of a threat from the victim's brother about three months prior to the hearing; also a threat near the time of the death and funeral; however, there is other evidence that the defendant continued to work at his job in Charlton, and the sheriff testified that the defendant was not in danger of being harmed if tried in Charlton. There is no evidence that the trial would take place in a mob setting. See *Chenault v. State,* 234 Ga. 216, 222 (215 SE2d 223). The evidence of harm to defendant in the event of an acquittal in Charlton County is not sufficient to authorize the grant of change of venue.

We cannot come to this same holding as concerns the other ground of the motion that an impartial jury cannot be obtained in Charlton County. The overwhelming evidence is that an impartial jury cannot be impanelled in that county. The best test of jury impartiality is the examination of prospective jurors on voir dire. *Krist v. Caldwell,* 230 Ga. 536 (2) (198 SE2d 161). A voir dire of prospective jurors was not done here; however, Code § 27-1201 does not require an examination of prospective jurors on voir dire. Based on the evidence in this record, we hold that it was an abuse of discretion not to grant the motion on the ground that an impartial jury cannot be obtained in Charlton County. We reverse and direct the trial court to grant defendant's motion.

*Judgment reversed with direction. Quillian, P. J., and Smith, J., concur.*

ARGUED MARCH 12, 1979 — DECIDED APRIL 24, 1979.

*Leon A. Wilson, II, Alva J. Hopkins, III,* for appellant.

*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.