## 35567. GUNN v. THE STATE.

HILL, Justice.

Calvin Gunn was convicted of the malice murder of Eddie Williams and sentenced to life imprisonment. According to the testimony of Rusty Ivester and Mike Shirley, they and Eddie Williams, the victim, were at the Frontier Lounge in Rabun County on March 23, 1979, when the defendant, Calvin Gunn, arrived. The defendant and the victim got into an argument and the defendant threatened to kill the victim. The two went outside but the bartender prevented the fight. Shirley and the victim then left together in the victim's car to pick up Shirley's sister.

When Shirley mentioned that the defendant was following them closely in his car, the victim pulled into a parking lot and got out and leaned against his car. Shirley walked some 25 yards away to relieve himself. The defendant walked up to the victim. They talked briefly before beginning to walk toward Shirley. The defendant then reached behind his back, pulled out the butt end of a pool stick, and struck the victim in the head with it at least twice before the victim was able to protect his head. The defendant then struck the victim several more times before the defendant dropped the stick during the fight. Shirley picked the stick up and struck the defendant in the back several times in order to break up the fight. Once the two were disengaged, the defendant asked for his stick back. Shirley told him he would throw it "over there" if the defendant would leave. The victim got in his car and was ready to leave and Shirley threw the stick away as he got in the car. Shirley and the victim then returned to the Frontier Lounge. The victim stayed in the car. The defendant arrived at the lounge shortly after they did, said he had gotten the victim and threatened to kill

Shirley before bystanders ran him off. The victim went home, saying he would be all right.

The victim's wife testified that he was taken to the hospital emergency room the next morning. He died that day. The attending doctor performed an autopsy; he testified that the victim's death was caused by a blow "to the left side of the head with a fracture of the skull and an injury resulting in intra cranial bleeding with subsequent development of cerebral edema or swelling of the brain to the point it can't function." The doctor also testified that the blow was made by a smooth object that delivered its force to a relatively large area, and that the object "very definitely" could have been the sawed-off pool cue introduced as state's exhibit one.

1. Defendant enumerates as error the trial court's overruling of his motion to quash the indictment. He was arrested pursuant to a warrant on March 25, 1979. His attorney was appointed on April 19, 1979, and a committal hearing was held on May 23, 1979. The grand jury returned the indictment on May 28, 1979. Defendant filed his motion to quash the indictment on June 5, 1979.

Defendant argues that one of the grand jurors was incompetent because he was on a panel for defendant's prior trial for foeticide in which defendant had entered a special plea of insanity, and that this same juror was incompetent under Code Ann. § 59-201 because he had been convicted of a felony. Assuming without deciding that the fact this grand juror had been on a prior panel would render him incompetent, any objection was waived by not being timely made prior to indictment. *Mydell v. State,* 238 Ga. 450 (233 SE2d 199) (1977), cert. den. 431 U. S. 970 (1977); *Parris v. State,* 125 Ga. 777 (54 SE 751) (1906).

As for the second challenge, the record shows that the juror pled guilty in federal court to violation of 26 USCA §§ 5601, 5205(a)(2), and was sentenced on May 25, 1971.[1] At that time, conviction of a federal crime did not render a

---

[1]Defendant argues that this objection was not waived because he had no actual or constructive notice of it prior to indictment. Because we decide the juror was competent, we do not reach the question of waiver.

grand juror incompetent in Georgia. *Brady v. State,* 199 Ga. 566, 567 (2) (34 SE2d 849) (1945). Code Ann. § 59-201 was amended in 1976 so as to provide that a felony conviction would render a grand juror incompetent. Ga. L. 1976, pp. 438, 444-45. It is not necessary to decide whether the 1976 Act applies to federal felony convictions since it shows no legislative intent that it be applied retroactively, and we decline to so apply it. *Anthony v. Penn,* 212 Ga. 292 (92 SE2d 14) (1956). Thus we hold that the grand juror was not rendered incompetent by his federal conviction rendered prior to 1976.

2. Defendant also argues that the trial court erred in not granting his motion to change venue when he had just denied a motion for bond in part because he found custody was necessary in order to protect the defendant.[2] Defendant also points out that, on the advice of a deputy that he was in danger, he had voluntarily placed himself in protective custody prior to a warrant being issued. Defendant argues that because of the evidence of danger, a change of venue was mandatory under Code Ann. § 27-1201; *Pierce v. State,* 125 Ga. App. 490 (188 SE2d 181) (1972); and *Pinkston v. State,* 80 Ga. App. 268 (2) (55 SE2d 877) (1949). We cannot agree.

The only evidence of danger to the defendant is the deputy's testimony that he advised him to turn himself in for his own protection. This deputy also testified that the danger was not community-wide but was instead limited to the possibility that one or two relatives of the victim might work the defendant over. On these facts, we cannot find that a change of venue was mandated, nor do we find that the trial court abused his discretion in not granting the motion. *Pierce v. State,* supra; *Attaway v. State,* 149 Ga. App. 693, 694 (256 SE2d 94) (1979).

Defendant also argues that his change of venue

---

[2]In ruling on the motion for bond, the trial judge stated: "All right, the Court will deny your motion for bond on two grounds. Number one, that the man's past actions have indicated a pattern of violence, would be likely to continue while he's out on bond and second that for his own protection he's probably better off where he is than he would be on the street."

motion should have been granted because due to pretrial publicity he was unable to obtain a fair and impartial jury in Rabun County. The evidence does not support this assertion and we find no abuse of discretion in the denial of the motion. *Street v. State,* 237 Ga. 307 (1) (227 SE2d 750) (1976), death penalty vacated on other grounds, 429 U. S. 995 (1976).

3. Defendant also enumerates error on the denial of his motion for continuance. The victim died on March 24, 1979; defendant's attorney was appointed on April 19, 1979. The motion was filed on June 5, 1979, and denied, after a hearing, on June 6, 1979. The trial commenced on June 18, 1979. Defendant's motion alleged that his counsel had not had sufficient time to prepare a proper defense, that he had been unable to locate an alleged witness to the fight resulting in the victim's death, and that widespread publicity mandated a continuance. The witness referred to was a motorcyclist who according to defendant's counsel had ridden by the scene; this was the extent of defendant's information about this alleged witness. There was no evidence to suggest that a continuance would enable the defendant to identify or locate this individual. We hold that the trial court did not abuse its discretion in denying the motion. *Alderman v. State,* 241 Ga. 496 (2) (246 SE2d 642) (1978), cert. den., 439 U. S. 991 (1978); *Campbell v. State,* 240 Ga. 352 (4) (240 SE2d 828) (1977), cert. den., 439 U. S. 882 (1978).

4. Because the stick with which the defendant struck the victim was never recovered, the district attorney asked Shirley to select a cue stick similar to the one used and have it sawed off to the length of the one used, to the best of his ability. Defendant objected to the introduction of this substitute as evidence. When he took the stand, however, defendant admitted that he had struck the victim with a cue stick of the same length, although he stated his was lighter. Defendant claimed the victim came at him holding a rock as a weapon, that he offered to fight without weapons, and that when the victim started swinging at him with the rock he used the stick. In view of the fact that defendant admits using a very similar stick, we find no error in the introduction of the substitute. *Duvall v. State,* 238 Ga. 325 (232 SE2d 918)

(1977); *Davis v. State,* 230 Ga. 902 (5) (199 SE2d 779) (1973); Moore v. Illinois, 408 U. S. 786 (92 SC 2562, 33 LE2d 706) (1972).

5. During direct examination of Shirley, the district attorney asked "[A]s far as you and Mr. Gunn are concerned had there been any animosity between you and him either one of you in the past before this incident?" The answer was "Yes, sir." Defendant argues this question put his character in issue, especially when viewed in the light of the previous question, "Have you ever had any trouble with him?", to which his objection was sustained. We do not agree that the allowed question put defendant's character in issue. Personal animosity between a defendant and a witness does not show bad character on the defendant's part.

6. On cross examination, defendant testified that he carried the stick in his car to defend himself. Later, when asked how long he had been carrying it, he stated it had been in the car when he got the car in November of 1977. He denied having carried a similar stick before he acquired the one at issue.

The state then called a deputy who testified that in 1976 the defendant had had a similar stick. When asked to describe any differences, he said "It was colored blue, it had the same top here and it had a leather thong on the end of it where this one is—as a matter of fact, when I took the stick when I got up there to the scene I kept it for a night stick a couple—couple years." Defendant argues that the reference to "the scene" placed his character in issue by leaving the impression that he had committed a prior crime. We do not agree that this apparently inadvertent, unsolicited comment impermissibly placed defendant's character in issue. *Creamer v. State,* 229 Ga. 704 (2) (194 SE2d 73) (1972).

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 2, 1979 — DECIDED FEBRUARY 20, 1980 — REHEARING DENIED MARCH 4, 1980.

*E. Jay McCollum,* for appellant.
*V. D. Stockton, District Attorney, Michael H.*

*Crawford, Assistant District Attorney, Arthur K. Bolton, Attorney General, Michael R. Johnson, Staff Assistant Attorney General,* for appellee.